## THE SCHOONER JANE
### *v.*
## THE UNITED STATES.

</div>

<div style="text-align:right">

1813.

Feb.   17th.

</div>

---

*Present.....All the Judges except* TODD, *J.*

THIS was an appeal from the sentence of the Circuit Court for the district of Maryland, reversing that of the District Court, which condemned the schooner *Jane* for violation of the non-intercourse act.

NICHOLSON, *for Appellant,*

Contended that there ought to have been positive proof of the identity of the vessel,

PINKNEY, *Attorney General.*

If these cases are to be likened to criminal prosecutions, and if the same strictness be required, it will be impossible to execute the laws. No proof was offered on the part of the Claimant. But there is sufficient proof of identity—she is the same kind of vessel, has the same name, belongs to the same port, has a master of the same name, had the same cargo, and the time of her sailing from Port au Prince, corresponded with the time of her arrival at Baltimore, allowing the usual time for performing the voyage.

<div style="text-align:right; font-style:italic">

In a prosecution against a vessel for violation of a law of the United States it is not necessary to adduce positive testimony of the identity of the vessel.

</div>

SCHOONER
JANE
*v.*
U. STATES.

HARPER, *in reply.*

The United States are bound to make out full proof. If the fact be so, much better proof might have been had on the part of the United States.

*February 24th....*WASHINGTON, J. delivered the opinion of the Court as follows:

This was an information filed in the District Court of the United States, for the district of Maryland, against the schooner Jane and her cargo for a breach of the law interdicting the commercial intercourse between the United States and Great Britain and France, and their dependencies. The particular charge alleged in the information is, that this vessel had imported into the port of Baltimore from some place in the island of St. Domingo, a dependence of France, 1920 bags of coffee in violation of the above law. To establish this charge two witnesses were examined on the part of the United States, who concurred in testifying that they were at Port au Prince in the island of St. Domingo, from about the middle of August to the middle of September in the year 1809, and that they saw lying there a schooner called the Jane, of Baltimore, Vezey, master. That her cargo consisted of flour, which she discharged at that place and took in a quantity of coffee in bags, and that she sailed from Port au Prince about the 10th of September.

One of these witnesses thinks that the name " Jane" was painted on the stern of the vessel, but is not positive as to that fact; nor can either of the witnesses say that the vessel they saw at Port au Prince was the same which was seized by the collector of the port of Baltimore.

The seizure of the vessel and cargo, which are the subject of this controversy, was made between the 1st and 18th of October, 1809.

Upon the above evidence, the District Court dismissed the information and ordered restitution of vessel and cargo. This writ of error is taken to the sentence

pronounced by the Circuit Court, which, upon an appeal, reversed that of the District Court and condemned both the vessel and cargo. For the Claimants it is contended that the evidence in this case is merely presumptive, and is much too light to establish the fact, necessary to be made out, that the vessel seized by the collector of Baltimore is the same vessel which was seen by the witnesses at Port au Prince. If the latter part of the objection to the evidence be well founded it is fatal to the sentence, because although presumptive evidence is clearly admissible, and may of itself be sufficient to support, in many instances, even a criminal prosecution, yet the circumstances proved ought not only to harmonize with each other, but they ought in themselves to be so strong as fully to satisfy the mind of the fact they are intended to establish.

In this case there is such a coincidence in the circumstances proved in relation to the vessel, the cargo, and the voyage, as to impress the mind with a conviction, almost irresistable, that the schooner Jane seen, by the witnesses at Port au Prince, is the identical vessel against which this prosecution is carried on. That vessel was a schooner, the reputed name of which at Port au Prince was the Jane, of Baltimore, Vezey, master; which took in, at that port, coffee in bags and sailed from thence about the 10th of September. The vessel in question is a schooner, bears the same name, was commanded by a captain Vezey, her cargo coffee in bags, and she arrived at Baltimore between the 1st and and 10th of October, about the time when a vessel which had left Port au Prince on the 10th September might reasonably have been expected to arrive. It is barely possible that the facts proved in this case should apply to any other vessel than the one in question; and in the absence of all explanatory evidence, which it was so entirely in the power of the Claimants to have produced, is sufficient to deprive him of this slight ground to stand upon.

It is true that the proof of identity might have been strengthened by evidence that this vessel sailed from Baltimore, of the time when she sailed, the port for which she cleared, and the cargo she took out with her. But it does not appear in this record, nor

SCHOONER
JANE
v.
U. STATES.

SCHOONER
JANE
v.
U. STATES. does it necessarily follow, that she sailed from Balti-more on her outward voyage, or that it was in the pow-er of the United States to prove any of the above facts. On the other hand, nothing could have been more easy than for the Claimants to have proved them, and still further to have proved, if their case would have admitted it, that the evidence on the part of the United States did not apply to this vessel.

The Court is of opinion that there is no error in the sentence pronounced by the Circuit Court, and that the same should be *affirmed with costs.*