## Commonwealth on Relation, Etc. v. Brown.

### (Decided June 15, 1923.)

### Appeal from Montgomery Circuit Court.

1. Intoxicating Liquors—Property Not Subject to Forfeiture Unless Offense has Been Committed Therein.—Under Ky. Stats. 1922, section 2554a-8, providing that any person renting or letting any building to another or others for the purpose of violating the act shall be considered guilty of a nuisance, and the property so used shall be forfeited and sold as if the unlawful act had been committed by him in person, the property cannot be forfeited, though it has been let for the purpose of violating the act, unless it has actually been so used.

2. Forfeitures—Not Decreed in Absence of Showing of Every Essential Element.—A forfeiture will not be decreed in the absence of a showing of every element essential to the application of the remedy.

3. Intoxicating Liquors—Petition to Forfeit Premises for Liquor Nuisance Held Insufficient.—A petition alleging that defendant rented a house to be used for the storage and sale and a place at which were sold intoxicating liquors did not allege that liquors actually were stored or sold therein in violation of the law, and therefore was insufficient to authorize a decree forfeiting the property.

CHAS. I. DAWSON, Attorney General, MARTIN T. KELLY, Assistant Attorney General, W. C. HAMILTON and W. A. SAMUEL for appellant.

W. B. WHITE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The Commonwealth of Kentucky on relation of the Commonwealth attorney of the twenty-first judicial district and the county attorney of Montgomery county filed this equitable action under section 2554a-9 of Kentucky Statutes to forfeit a house and lot on South Queen street in the city of Mt. Sterling, on the ground that it had been knowingly and intentionally let by the owner for the

purpose of violating the provisions of section 2554a-1, *et seq.*, of Kentucky Statutes; and was a common nuisance within the meaning of section 2554a-9 of the statutes. A demurrer to the petition was sustained, resulting in this appeal by the Commonwealth.

The averments of the petition as simplified are that Charles M. Brown, within one year next before the filing of this action, wilfully, unlawfully, knowingly, and whilst the owner of the property described, did rent, lease, let, hire, lend and otherwise use, cause to be used and suffer and permit the premises and the house to be used as a storage place, and a place for safekeeping, and a place for the sale, and a place at which was sold spirituous, vinous, malt and other intoxicating liquors.

Considering these averments in the light of the statutory right to maintain an action of this kind, we note that section 2554a-8 of the statutes, from which the authority is drawn, provides that "any person, firm or corporation knowingly or intentionally renting, hiring, or letting or lending any house, building . . . to another or others, for the purpose of violating any provision of this act, shall be considered guilty of a nuisance and of a violation of this act, and the property so used shall be forfeited and sold as if the unlawful act had been committed by him or them in person."

It will be seen from the language just quoted that only property that has been let for the purpose of violating some provision of the act and has actually been "so used" is subject to forfeiture in a proceeding like this. And in this connection it should be observed that it is an established rule that a forfeiture will not be decreed in the absence of a showing of every element essential to the application of the remedy. Hence it was necessary for the Commonwealth, in its petition seeking a forfeiture of the property in question, to allege facts bringing the cause within the letter of the statute, among which is that the property was used in violation of some provision of the act. The petition contains no allegation of fact showing that the property was or had been used in violation of the act. It alleges that the owner wilfully, unlawfully and knowingly rented the property as a storage place, and a place for safekeeping, and a place for the sale of spirituous, vinous, malt or other intoxicating liquors, and a place at which such liquors were sold, but there is no

allegation of fact showing that the liquors were stored, kept or sold in violation of the law. It is an offense under the statute knowingly or intentionally to rent or hire a house to be used for the purpose of violating any provision of the prohibition law, but before the property can be forfeited it must be alleged, not only that the property was let for the purpose of violating the law, but also that it was "so used," *i. e.*, used in violation of some designated provision of the act by which a described offense thereunder was committed. The petition in question does not contain averments as to the commission of an offense or its equivalent and is therefore demurrable. In view of this conclusion it is not necessary to pass on the constitutional questions raised.

The judgment is affirmed.