## Schneider v. Commonwealth.

(Decided December 17, 1929.)

200

J. E. WISE for appellant.

J. W. CAMMACK, Attorney General; SAMUEL B. KIRBY, Jr., Assistant Attorney General; ALLEN P. CUBBAGE and C. E. MORGAN for appellee.

OPINION OF THE COURT BY JUDGE WILLS—Reversing.

The commonwealth of Kentucky, on relation of the Commonwealth's attorney for the ninth judicial district and the county attorney of Hardin county, instituted an action in equity against W. P. Schneider for the purpose of forfeiting to the commonwealth an acre of ground near Vine Grove in Hardin county, Ky. It was alleged that the land contained improvements consisting of a storehouse and outbuildings used in connection therewith, and

that the defendant used said building and premises for the purpose of the unlawful sale of intoxicating liquors to another. The petition further alleged that the defendant in the storehouse on the property described sold to Stanley Stith spirituous and intoxicating liquors not for sacramental, medicinal, scientific, or mechanical purposes, and that thereby a nuisance was created on the property. It was also averred that the property was indivisible and unincumbered. The prayer of the petition was that the tract of land, together with all the improvements, be adjudged forfeited to the commonwealth. At the March, 1928, term of court a demurrer to the petition theretofore filed was overruled. No further steps were taken until October 29, 1928, when another demurrer was filed to the petition and submitted. The second demurrer was presented by a different attorney, and it does not appear whether it was for the purpose of reconsidering the question, or because the previous action of the court had been overlooked. However that may be, on November 20, 1928, the last demurrer was overruled, and the plaintiff thereupon moved for judgment. The defendant then tendered and offered to file an answer, but an objection by the commonwealth was sustained. A judgment was rendered pursuant to the prayer of the petition. The defendant appeals, insisting, first, that the demurrer to the petition should have been sustained, and, second, that the answer tendered should have been filed.

It is argued for appellant that the demurrer to the petition should have been sustained on the authority of Rickman v. Commonwealth, 204 Ky. 848, 265 S. W. 452. In that case the petition followed the terms of the statute to the effect that defendant was guilty of the offense of knowingly and intentionally renting, hiring, letting and permitting the use of and using the land for the purpose of the unlawful manufacture, sale, and transportation of intoxicating liquors. The averments were adjudged to be mere conclusions of the pleader, and it was said that the acts that the defendant committed should have been stated, and not merely the conclusions of the pleader derived therefrom. In this case the acts of the defendant were alleged. The facts relied upon by the commonwealth were stated with sufficient particularity to enable a person of ordinary understanding to know what he was to answer and to enable the court to pronounce judg-

ment, and that is all that is required. But it is insisted that a particular sale upon one occasion to a single person is insufficient to bring the property used for the purpose of making the sale within the condemnation of the statute. The statute provides that "any person . . . knowingly or intentionally . . . using any building, house, structure, or premises, farm or part thereof, real estate or part thereof . . . for the purpose of the unlawful manufacture, sale or transportation of intoxicating liquors, to another or other shall be considered guilty of a nuisance and of a violation of this act, and any property so used in violation of this act shall become forfeited to the Commonwealth of Kentucky." Section 13 of chapter 33 of the Acts of 1922, p. 114 (section 2554a-13, Supp. 1928, Ky. Stats.). Forfeiture of property on the ground that it is used to work a nuisance is not a punishment for crime, but a method designed to obviate and prevent a continuation of the unlawful act, or acts, Clark v. Commonweatlh, 204 Ky. 740, 265 S. W. 280. It is "preventive and not punitive." Grosfield v. U. S., 276 U. S. 494, 48 S. Ct. 329, 72 L. Ed. 672, 59 A. L. R. 620; Murphy v. U. S., 272 U. S. 630, 47 S. Ct. 218, 71 L. Ed. 446. The legal notion of a nuisance may imply a continuity of action for substantial period of time, and for that reason division has developed in the opinions of various courts in applying the provisions of the statutes respecting forfeitures when a single sale was involved. Scott v. State of North Dakota, 37 N. D. 90, 163 N. W. 813, L. R. A. 1917F, 1107, annotations, 1110; Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, Anno. p' 1556 The difference arises from a failure to observe the fundamental fact that the Legislature has power to declare what shall constitute a nuisance, and, when the statutory definition of a nuisance is formulated and intended to embrace a single act, it must be given effect. It is not necessary in all cases to prove repeated sales, for a single sale with the circumstances may establish the facts necessary to forfeit the property under the particular statute. Lewinsohn v. U. S. (C. C. A. 7) 278 F. 421, certiorari denied by the Supreme Court, 258 U. S. 630, 42 S. Ct. 463, 66 L. Ed. 800; Miller v. U. S., 300 F. 529 (C. C. A. 6). The statute of Kentucky plainly provides that the unlawful using of the property coupled with a single sale may be a nuisance. Even under the federal statute, a single sale, when surrounded by facts

showing that the premises where the illegal sale was made, or unlawful possession had, was intended for keeping and selling intoxicating liquors, may be enough. Cf. John Hohenadel Brewing Company v. U. S. (C. C. A. 3) 295 F. 489; Fisher v. U. S. (C. C. A.) 32 F. (2d) 603. A single sale may be sufficient to establish a nuisance for the further reason that the law presumes a continuance of the condition evidenced by such sale in view of the place and surrounding circumstances of that act. Marshallo v. U. S. (C. C. A. 2) 298 F. 74. Deference to the words, employed by the lawmaking power, and a review of these authorities, constrain us to the conclusion that the facts adequately alleged in this case presented a good cause of action, and the demurrer to the petition was properly overruled.

The answer presented by the defendant was not verified, but the court did not reject it upon that ground. If that had been the sole ground of objection, the court would have given the defendant an opportunity to verify and file it. Civil Code, sec. 116. Baxter v. Knox (Ky.) 31 S. W. 284; Payne v. Trigg (Ky.) 41 S. W. 4; City of Dayton v. Hirth, 121 Ky. 46, 87 S. W. 1136, 27 Ky. Law Rep. 1209; Wheeler v. Wales, 3 Bush, 225; N. Y. Life Insurance Co. v. Long, 177 Ky. 445. The rejection of the answer tendered in this case was based upon the fact that it was due at the preceding term of court, and defendant was in inexcusable default. The court, however, had just overruled the second demurrer to the petition, and, although no duty to reconsider its action rested on the court, yet, when it did so and acted upon the second demurrer, the defendant should have been permitted to file his answer. The circuit court has a wide discretion in the matter of filing pleadings and in refusing to permit belated pleadings to be filed. Unnecessary and unreasonable delays or derelictions on the part of litigants in filing their pleadings in accordance with the prevailing practice will not be tolerated by the courts. Mutual Life Ins. Co. v. Evans, 185 Ky. 335, 214 S. W. 927. But the prevailing practice permitted defendant to file his answer within a reasonable time after his demurrer was overruled, and the action of the court upon the second demurrer was sufficient excuse for not filing the answer until that pleading was disposed of by the court.

The answer was in two paragraphs. The first denied the allegations of the petition, and the second paragraph affirmatively pleaded that the property sought to be forfeited was under a lease with an unexpired period yet to run, which made the lessees necessary parties to the proceeding. It further averred that the defendant, at the time of the commission of the offense alleged against him and upon which the forfeiture of his property was predicated, was a person of unsound mind and did not have sufficient mental capacity to know the nature or character of his acts or to be responsible therefor. Whilst the lessee was not a necessary party, and would not be affected by the forfeiture, in so far as the unexpired term under a valid lease was concerned, yet the denials and the averment that the defendant was irresponsible due to mental incapacity presented a good defense, and the court should have allowed the answer to be filed and the issue regularly determined. Shuey v. Hoffman, 224 Ky. 765, 7 S. W. (2d) 202.

The judgment is reversed, with directions to set aside the judgment and permit the answer to be filed and for further proceedings consistent with this opinion.