## SAPP v. GARDNER.
### No. 10464.

Circuit Court of Appeals, Ninth Circuit.
June 19, 1944.

---

Maguire, Shields, Morrison & Biggs, Hugh L. Biggs, and R. K. Powell, all of Portland, Or., for appellant.

Hampson, Koerner, Young & Swett and James C. Dezendorf, all of Portland, Or., and M. R. Tan Creti, of Carroll, Iowa, for appellee.

Before STEPHENS and HEALY, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

On August 2, 1941, about 6:30 P.M., in broad daylight and in clear dry weather, while appellant was driving his Chevrolet gravel truck east on Eighteenth Street and appellee was driving his Ford V-8 coach south on North West Street, at the south city limits of Carroll, Iowa, a collision between those vehicles occurred at the intersection of those streets.

Appellee sustained severe personal injuries as well as damage to his automobile and brought this action to recover for his damages in the court below, basing jurisdiction on diversity of citizenship which is admitted. The trial court sitting without a jury found for appellee and awarded him judgment for $6427.50 from which appellant appeals.

The sole question presented is whether appellee, as asserted by appellant and denied by appellee, was guilty of contributory negligence as a matter of law. If he was, appellee cannot recover, because under the Iowa law which governs that question contributory negligence of the injured party whether proximate or not bars his recovery. Hogan v. Nesbit, 216 Iowa 75, 246 N.W. 270.

At the trial, both appellant and appellee appeared and testified in person, and the depositions of other witnesses were introduced. The testimony developed that at their intersection North West Street runs in a northerly and southerly direction and Eighteenth Street runs in an easterly and westerly direction; that on Eighteenth Street toward the intersection there is a down grade of 10 or 15 per cent; that North West Street is on a very slight grade as it approaches the intersection; that there is an embankment at the northwest corner of the intersection; and that appellant was on appellee's right as they approached the intersection.

It was testified on behalf of appellee that he was driving at about 25 miles per hour and looked to his right as he approached and again as he entered the intersection, and seeing no crossing traffic he continued into the intersection where, after appellee's car crossed the center line of Eighteenth Street, appellant's truck collided with appellee's car; that appellee's view to his right along Eighteenth Street was obstructed by the top of his car, the top of his right car window and the steep grade of Eighteenth Street; that appellee did not see appellant's truck approach from appellee's right until the truck loomed upon him. At the trial appellee as a result of his recent view of the scene of the accident corrected his previous testimony by deposition as to how far he could see up the steep grade and said that from a point about 40 feet back north from the intersection he could see 60 to 75 feet to his right up that grade, and probably 100 feet or a little more after arriving in or nearer the intersection; and in effect that because of the top of his car and the top of the right window of his car and the steep grade of the street he could not see appellant's fast moving truck in time to avoid the accident. Appellee's witness Sylvester by deposition testified that appellant was going 50 miles per hour and appellee 25 miles per hour at the instant before the collision. Appellee said his car had crossed to the south of the center line of Eighteenth Street when appellant's car collided with it, striking it broadside and turning it over.

Appellant at the trial stated in effect that the embankment at the northwest corner of the intersection obstructed his northward vision to his left along North West Street as he approached the intersection, because there was a growth of sweet clover on top of the embankment and because Eighteenth Street as it approached the intersection was cut out below the embankment; that appellant did not have a clear vision to the north until after his truck came into the intersection; that he did not see appellee's car until it was right in front of him just before the moment of impact; that he did not apply his brakes and did not sound his horn; that he recalls no attempts on his own part to avoid the collision; and that as he was approaching the intersection he was driving at the rate

of approximately 25 miles per hour. Rosetta Bushman, who was not a car driver and who had known "Mr. Sapp real well" for years, testified that appellee's car was traveling at 35 or 40 miles per hour just before the collision.

If both vehicles had been approaching the intersection at 25 miles per hour as testified by their respective drivers it is likely there would have been no collision because appellant's truck was farther than appellee's car was away from the intersection as they approached it. If appellee's car was going at 25 miles per hour it was traveling 36.66 feet per second; if appellant's truck was traveling 50 miles an hour it traveled 73.33 feet per second; and under those conditions the truck would have covered approximately twice as much distance as would the car in the same length of time. The witness Raymond Jurgens testified that he observed the truck and the car approaching the intersection and that appellant's truck was going down the hill about 200 feet back from the intersection at the time appellee's car was proceeding southward on North West Street at a point 90 feet back from the intersection. If that was true the truck necessarily went more than twice the distance that was traversed by the car in arriving at the point of the collision after witness Jurgens first saw the two vehicles moving toward the intersection.

Thus it readily appears there are conflicts in the evidence. After hearing and considering all the testimony including that of appellant and appellee who testified in person before the court, the trial court found that the appellee was free from negligence and that appellant was negligent, and awarded judgment for appellee.

"The findings of the court are presumptively correct and should not be set aside nor disturbed unless clearly erroneous." O'Brien's Manual of Federal Appellate Procedure, 3rd edition, page 20, and note 17; Rule 52(a), F.R.C.P., 28 U.S.C.A. following section 723c; Occidental Life Ins. Co. v. Thomas, 9 Cir., 107 F.2d 876, 878.

Not only are we unable to say that the trial court's conclusion is clearly erroneous, but in view of the facts that on appellee's right was the embankment covered with sweet clover at the northwest corner of the intersection; that there was a steep 10 or 15 per cent grade on Eighteenth Street going upward from the intersection on appellee's right; that appellee's view up that grade was obstructed not only by the grade but also by the top of appellee's car and the top of the right window of his car; and that appellee looked but did not see appellant's approaching truck in time to avoid the collision, and other material evidence in the case, we think the court rightly held that appellee was free from contributory negligence, and that appellant as his counsel admit was negligent. We do not find on facts like those here any controlling Iowa law to the contrary.

Affirmed.