## RICHARDSON v. UNITED STATES.

### No. 10864.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1944.

W. L. Longshore, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Under Section 3321 of the Internal Revenue Code, Title 26 U.S.C.A., this condemnation proceeding was filed on March 18, 1943, seeking the forfeiture of one 1941 Buick Sedan automobile.

The Government charged that the automobile in question was "used on February 16, 1943, and prior thereto, in the removal, deposit and concealment of syrups and shorts, which were intended and were used in the production of distilled spirits, on which the tax imposed by the laws of the United States had not been paid, and the same was not to be paid, with intent to defraud the United States of the tax on the distilled spirits produced and intended to be produced."

On the hearing, the court, without the intervention of a jury, found that the automobile had been used in transporting syrups and shorts which were intended to be used in the production of untaxed distilled spirits. Thereupon the court ordered that the automobile in question be condemned and forfeited and turned over to the "Investigator in Charge of the Alcohol Tax Unit, Bureau of Internal Revenue, Treasury Department, at Birmingham, Alabama, the above described automobile, its equipment and accessories, for the official use of said Alcohol Tax Unit and Treasury Department of the United States." From this judgment and decree, Benton Richardson, the claimant, has appealed.

The evidence disclosed that the claimant, Benton Richardson, and another were apprehended while building a fire under an old drum or pot to heat mash to make prohibited liquors, near the home of Richardson; that he had been apprehended once before for being found at a still, which occurred three or four years before this arrest, and about the year 1939; that he was regarded by some of the officers as a violator of the liquor laws. For the past two or three years it was shown that he worked regularly as a miner in the coal mines and used the car in question on week ends to haul passengers; that those who knew him best gave him a good name and testified that they had never heard of his being engaged in selling or manufacturing illicit whiskey. The evidence further showed that the sugar found at the still was not carried there in the car in question; that Richardson owned five hogs and that he bought a sack of shorts every two weeks with which to feed them; that the can of

syrup, being four or five gallons, was bought by Richardson several months before his apprehension and arrest at the still, and that after using one gallon of the syrup it turned sour and was put away in the garage; that Richardson and his wife both testified that the car had never been used to haul or transport shorts, sugar or syrup with which to manufacture illicit whiskey; that when Richardson and his helper were found at the still the car was at his house; that the agreement to make whiskey had only been entered into a few days before his arrest and that they were arrested before any whiskey was made or had been made or the still connected up; that the purpose of the fire was to warm the mash. The boss or foreman testified that Richardson worked regularly at the coal mines from August 1942 to the time of his arrest; that during all this time he worked practically every day and missed only one regular shift from his work; that his reputation in the community was good; that he had never heard of his being in the whiskey business; that he had been to his house and knew that he kept hogs.

The Buick automobile was never seen by any one at or near the still, and no witness testified that he had ever seen or heard of the automobile being used to transport material to be used in the manufacture of distilled spirits. Moreover, only about one peck of shorts is alleged to have been used at the still, and it is without dispute that for a long period of time Richardson had been hauling shorts to feed his hogs; that the syrup had been bought eight months before the arrest of Richardson and that the last sack of shorts was bought about two weeks before his arrest; and the agreement to make the whiskey had only been consummated a few days before the arrest. Richardson and his helper were turned over to the state authorities for prosecution in the state court, while the automobile in question was seized by the Federal authorities for condemnation.

The verdict of a jury or that of a trial judge sitting as a jury will not be disturbed or overturned if supported by substantial evidence. Keystone Motor Freight Lines v. Brannon-Signaigo Cigar Co., 5 Cir., 115 F.2d 736; Texarkana Bus Co. v. Baker, 5 Cir., 142 F.2d 491; Sapp v. Gardner, 9 Cir., 143 F.2d 423.

There is no substantial evidence upon which to predicate a judgment of con-

demnation. To condemn this car we must do so on suspicion and speculation. This we are not willing to do.

The judgment and decree of the court condemning and forfeiting the Buick Sedan automobile, Motor #33431147 to the Government for use of the Alcohol Tax Unit is reversed and remanded with direction that the automobile with all equipment and accessories be forthwith delivered to the claimant, Benton Richardson.

Reversed and remanded with directions.