## Chaney et al. v. Commonwealth ex rel.

December 12, 1950.

E. B. Beatty, Judge.

J. M. Wolfinbarger for appellants.

W. L. Kash for appellees.

VAN SANT, COMMISSIONER—Reversing.

The appeal is from a judgment of the Estill Circuit Court forfeiting to the Commonwealth a certain lot and store building owned by appellant Ashcraft and located in Estill County. The basis of the forfeiture is that the owner thereof has permitted the property to be used for the unlawful sale of intoxicating liquors in dry territory and is provided for in KRS 242.310 and 242.320. Appellant seeks reversal on the ground that the evidence is not sufficient to show that Ashcraft knew the property was being used in violation of the statute or that he intentionally rented it for that purpose.

Appellant Chaney owned the property until August 23, 1947 when he sold it to Ashcraft for the sum of $900 in cash. Previous to the sale a business was being operated on the premises by Hershel Marcum who had rented the property from Chaney. In July, 1947, Marcum was arrested for having liquor and a slot machine in his possession on the property, was found guilty of possessing liquor for sale in dry territory, and paid his fine and served his jail sentence. While he was in jail and until Chaney sold the property to Ashcraft one of Marcum's relatives operated the store. Ashcraft formerly lived in Estill County in the vicinity of the store but had been living in Dayton, Ohio for nine or ten years throughout which period of time he purchased six separate pieces of property in Estill County, the last of which is involved in this suit. Ashcraft would visit Estill

County on an average of once a month at which time he collected his rentals but otherwise was more or less inactive having continuously been incapacitated by a severe injury to his back sustained in an accident at his place of work. Marcum was convicted while Ashcraft was in a hospital in Dayton and the latter did not know of the conviction, which was attended by padlocking the place of business for six months, until the six months had almost expired. He then forbade Marcum to continue to operate the business and rented it to Chris Chaney who is a cousin of appellant, Chester Chaney. While Chris had the property under lease, he visited friends in Hazard for a week or ten days during which time he engaged Ed Marcum, a brother of Hershel, to operate the store. While acting in that capacity Ed Marcum was arrested and convicted of having liquor in his possession on the premises. As a result of that conviction this suit was instituted. Ashcraft did not know that Ed Marcum was in charge of the premises and the record fails to disclose that he had any knowledge at any time after he acquired ownership of the property that the property was being used for illegal purposes, although the evidence is abundant that the reputation of the place and that of its former owner Chester Chaney are bad in respect to the laws prohibiting the sale of whiskey in dry territory.

Chester Chaney and Ashcraft are related by marriage, Ashcraft's mother having married Chester's grandfather whose name was Tipton. All of the transactions disclosed by the evidence would lead one to suspect that Ashcraft is not as innocent as he would have us believe, but, under all the circumstances disclosed by the evidence, we are forced to admit that a conclusion to that effect would be the result of mere speculation.

The forfeiture statute, KRS 242.320, is a drastic measure, and, to avoid contravention of the Fifth and Fourteenth Amendments of the Constitution of the United States forbidding the taking of one's property without due process of law, the evidence in such a case clearly must establish the existence of all the conditions rendering the property subject to forfeiture. One of these conditions is that the owner of the property must know or intend that the property is being or is to be used for the unlawful purpose charged. One sale of

intoxicating liquor with proof of bad reputation of the place over a period of time is sufficient to establish the fact that the property is being used for unlawful purposes, and, if the owner is shown to be acquainted with such reputation, the evidence would be sufficient to warrant the submission of the case to the jury. But the facts proven in this case fail to show clearly that appellant Ashcraft knew either of the sale or of the reputation of the place. Had some official of the county or for that matter anybody else apprised him of the facts proven on the trial, and he had done nothing to correct the condition, a clear and convincing case would have been presented authorizing a judgment of forfeiture, but we are of the opinion, in the circumstances of this case, the evidence was hardly sufficient to submit the case to the jury.

The judgment is reversed for proceedings not inconsistent with this opinion.