## Barnes v. Commonwealth ex rel. Kash, Commonwealth's Atty., 23rd Dist.

February 2, 1951.

E. B. Beatty, Judge.

John W. Walker for appellant.

W. L. Kash for appellee.

CHIEF JUSTICE CAMMACK—Reversing.

Mrs. Jessie Barnes is appealing from a judgment forfeiting her land in Irvine, Kentucky, under the provisions of KRS 242.310 and 242.320. The court found that a nuisance existed on the property because of the possession and sale of liquor on the premises in local option territory. For reversal the appellant urges that the petition contains only general allegations as to the cause of action and does not specify any particular offense or any particular person who violated the local option laws.

The petition alleges that the appellant is the owner of the property in question, which is situated in Estill County. It is further alleged:

"* * * that the said defendant has knowingly and intentionally used said property and permitted same to be used for the unlawful purpose of selling, possessing and dealing in intoxicating liquors in violation of the local option laws; that said Estill County at all the times herein mentioned was in dry territory and that the local option law was in full force and effect therein at said times, and that defendant was thereby guilty of committing a nuisance."

The allegation is substantially in the terms of the statute, KRS 242.310. It was held in Rickman v. Commonwealth, 204 Ky. 848, 265 S. W. 452, that a similar allegation, couched solely in the words of the statute, Acts 1922, Chapter 33, section 13, was not sufficient because it did not apprise the defendant of the particular acts on the basis of which a nuisance was claimed to exist and for which reason a forfeiture was sought. In the later case of Schneider v. Commonwealth, 232 Ky. 199, 22 S. W. 2d 587, a similar contention was made. We distinguished the Rickman case on the ground that the petition also charged a specific act of sale of intoxicating

liquor. On the basis of these two cases, the petition in the instant case was demurrable.

A forfeiture proceeding is, though civil in form, in the nature of a criminal proceeding. Under these circumstances, the defendant should be apprised clearly of the charges he is called upon to defend. Forfeiture is such a drastic remedy that it should be circumscribed rigidly by the rules of pleading and practice.

Since we have concluded that the demurrer to the petition should have been sustained, it is unnecessary to discuss other questions raised.

Judgment reversed.