**UNITED STATES of America,**
Libelant,

v.

**ONE 1954 OLDSMOBILE HOLLIDAY
"88" COUPE, Motor No. V–129753,
Respondent.**

Civ. A. No. 827.

United States District Court
W. D. Kentucky, at Paducah.

Aug. 12, 1955.

Rhodes Bratcher, Asst. U. S. Atty., Louisville, Ky., for libelant.

Robert B. Reed, Paducah, Ky., for respondent.

SHELBOURNE, Chief Judge.

This libel of information was tried to the Court June 23, 1955, and at the conclusion of the evidence, was submitted to the Court without argument, later being briefed.

The facts, adduced from the evidence are, that on January 28, 1955, Clyde Ray, Special Investigator for the Alcohol Tax Unit, and other Alcohol Tax Unit Officers, while executing a search warrant on the premises of Mrs. Bobbie Doran Ferguson, seized a quantity of moonshine whiskey in her home. On inquiry, she advised the officers that the whiskey had been obtained from Henry Robert Higgins and she described the car in which it was delivered. Upon this information, a search warrant was secured to search the residence of Henry Robert Higgins and Lucille Higgins and a seizure warrant for a 1954 two-tone blue gray Oldsmobile "88" Coupe, with a 1954 license number.

The search was made on February 11, 1955 and revealed in the residence of Higgins moonshine whiskey, some paper sacks and in a nearby shed, sugar, paper sacks and a roll of copper sheeting. The automobile, with license number 115–480, Motor number V–129753 was found at a garage about a mile and a half from the residence.

In the trunk compartment of the car, was found a matting of old seat covers, which was damp, with some leaves lying on top of it and Agent Ray testified he smelled moonshine whiskey when he opened the trunk of the car, although there was none there other than what may have been on this matting.

There was also in the car paper bags, similar to those found in the residence and a Michigan license plate.

Henry Robert Higgins was arrested and the 1954 Oldsmobile seized.

Libelant seeks to have the Court condemn by a decree of forfeiture the 1954 Oldsmobile Holliday "88" Coupe, Motor number V–129753, with such disposition as the Court may direct.

Robert Higgins filed answer, denying that this car had ever been used to transport whiskey or used in any violation of the laws of the United States and asked that the car be returned to him.

On April 18, 1955, Higgins plead guilty to a two-count indictment charg-

ing him with on February 4, 1955 of carrying on the business of a retail liquor dealer and wilfully failing to pay the special tax as required by Section 5691 of Title 26 U.S.Code, and on February 11, 1955, of having in his possession distilled spirits, the immediate containers of which did not have affixed thereto the stamps evidencing the payment of tax as required by Section 5008 of Title 26 U.S.Code. He was given a sentence of a year and a day on each of the two counts, to be served concurrently.

The Murdock Acceptance Corporation filed an intervening petition, stating it was the owner of a conditional sales contract on the seized car and that by reason of said contract, it had a lien on the said car, with a balance due it of $1,722.65, and prayed the Court to adjudge it a lien on said car.

In the trial of the forfeiture proceeding, Mr. Clyde Ray, a Special Investigator for the Alcohol and Tobacco Tax Division of the Revenue Department, testified that he knew Higgins and knew that Higgins, at the time the 1954 Oldsmobile sought to be forfeited was seized, had two cars and that Higgins changed cars "pretty often"; that he had seen Higgins on numerous occasions in the seized car, but had never had knowledge that moonshine whiskey or contraband was concealed in or being hauled in the car.

The witness Mrs. Bobbie Doran Ferguson, from whom the information on which the search warrant was based, was obtained, testified that she had bought whiskey on several occasions from Higgins and that in January 1955, he had delivered moonshine whiskey to her in a "blue looking Oldsmobile, with a tan top", and said that she believed the car was a 1954 model, and stated that Higgins had another Oldsmobile and then she became somewhat confused, saying that the automobile in which the whiskey was delivered in January 1955 was grayish or bluish.

Higgins testified that he owned the seized automobile, but that he had not transported any liquor in the car and that the seat covers in the trunk were placed there in order to preserve the trunk of the automobile in good condition so that it would have a greater trade-in value in the event he decided to trade it in on a new car.

Mrs. Ferguson was tried at the April Term 1955 for having illegally in her possession moonshine whiskey and was sentenced, but confined in the Narcotic Hospital at Lexington, Kentucky, rather than in a penitentiary. She was admittedly an addict and her testimony in this case was not impressive.

The libel filed by the Government is based upon Sections 7301 and 7302 of the Revenue Act of 1954, 26 U.S.C., which among other provisions, authorizes the forfeiture to the United States of "any property (including aircraft, vehicles, vessels or draft animals) used to transport or for the deposit or concealment of property * * * on which, or for or in respect whereof, any tax is imposed", for the purpose of being concealed or removed, "in fraud of the internal revenue laws, or with design to avoid payment of such tax."

The Government leans heavily upon the case of Ted's Motors v. United States, 8 Cir., 217 F.2d 777, 781, wherein the Court said—

"We think that Section 1615 of Title 19 U.S.C.A. contemplates that in an action such as this the Government shall show the information, facts and circumstances which led it to believe that the accused vehicle was subject to seizure and forfeiture, and that the court shall then decide whether probable cause has been shown for the institution of the action."

The case relied upon is authority for the Government's theory that it is merely required to show probable cause to believe that the automobile seized was being used for the alleged illicit purpose, and that the burden rests upon the claimant of the vehicle to absolve it from culpability.

They strongly contend that the knowledge of Ray concerning Higgins' continuous involvement in moonshine liquor traffic and Mrs. Ferguson's statement to the Agents as to the source of her supply and the method of its delivery to her are sufficient to show probable cause.

Higgins took the stand in this case and denied that the automobile sought to be condemned had been used by him in delivering whiskey to Mrs. Ferguson. or any one else.

In the early case of The Schooner Jane v. United States, 7 Cranch 363, 3 L.Ed. 372, the Supreme Court laid down the rule that although presumptive evidence is clearly admissible in forfeiture proceedings and may of itself be sufficient to support, in many instances, even a criminal prosecution, the circumstances proven ought not only to harmonize with each other, but they ought in themselves to be so strong as to satisfy fully the mind of the fact they are intended to establish. See also United States v. One 1941 Oldsmobile Sedan, etc., 10 Cir., 158 F.2d 818; Richardson v. United States, 5 Cir., 145 F.2d 764 and United States v. Robert Smith Corporation, D.C.E.D.Pa., 15 F.2d 448, 449. In the latter case, the Court said that a forfeiture proceeding—

"* * * is penal in its character, and the consequences are severe. It follows that no one should be visited with these consequences, unless the mind can rest with satisfaction upon a finding of illegality."

The Court is of opinion that there is not sufficient substantial evidence in this case upon which to predicate a judgment of condemnation. As said by Judge McCord, in the case of Richardson v. United States, supra [145 F.2d 766],—

"* * * to condemn this car we must do so on suspicion and speculation. This we are not willing to do."

It is therefore the conclusion of the Court that the automobile in question should be absolved from any proven guilt, which would authorize its forfeiture to the United States and an order to that effect is this day entered.