Hiram J. BAILEY et al., Appellant,

v.

J. A. RUNYON, Commonwealth's Attorney, et al., Appellee.

Court of Appeals of Kentucky.

June 22, 1956.

Rehearing Denied Oct. 12, 1956.

L. D. May, Pikeville, for appellant.

Henry Stratton, Francis D. Burke, Pikeville, for appellee.

MOREMEN, Judge.

Appellant, Hiram J. Bailey, has been a notorious bootlegger for many years. He operated usually from a restaurant or motel which he owned. From 1939 to 1950 he operated a restaurant and nightclub known as the Trocadero which operation apparently was terminated as the result of a threatened forfeiture action filed in that year by the commonwealth's attorney. Immediately after it was closed the Baileys purchased the Spinning Wheel Motel where they continued their illicit business for almost five years. In April 1955, apparently recognizing that their property was in imminent danger of forfeiture, Bailey and his wife made arrangements with a company of auctioneers to sell the motel at an auction to be held in June. Nevertheless they continued the same operation.

On May 25, 1955, officers raided the Spinning Wheel and found 85 cases of beer and 12 cases of whiskey. Bailey pleaded guilty before a justice of the peace at a time when neither the county attorney nor the commonwealth's attorney was present.

On May 27, 1955, appellee; Hon. J. A. Runyon, commonwealth's attorney, filed an action under Chapter 242, KRS, to enjoin the nuisance and to forfeit and sell the Spinning Wheel property because of its continuous illegal use. The proceeds of such a sale, less certain valid expenditures, are turned over to the commonwealth in the manner provided by statute.

Appellants entered into negotiations with the commonwealth's attorney for the purpose of saving their property from absolute forfeiture and were successful in accomplishing that purpose. An accord was reached and an agreed judgment was entered in the action pursuant to which Bailey executed deeds conveying both the Trocadero property and the Spinning Wheel property to W. R. Walters who, as trustee, was to sell the property and deliver the proceeds of the sale, after expenses, to appellants. As part consideration for the agreement, appellant further consented to a judgment permanently and perpetually enjoining Bailey and his wife from investing or having any interest in or owning or conducting or operating a motel, hotel, restaurant, or any place of entertainment in Pike County.

The properties were deeded to the trustee in conformity with the judgment and the trustee promptly sold the Spinning Wheel for $67,000. The proceeds, after deduction of expenses, were distributed to appellants as agreed.

Before the trustee could dispose of the Trocadero, appellants instituted this action; first, to enjoin the sale of the Trocadero property and, second, to declare unlawful the provision of the agreed judgment perpetually enjoining the Baileys from owning or operating hotels, motels or places of entertainment in Pike County.

The trial court refused to enjoin the sale of the Trocadero in accordance with the agreed judgment but held invalid that portion of the agreed judgment which enjoined the Baileys from engaging in the types of business enumerated.

The Baileys have appealed from that portion of the judgment which permitted the sale of the Trocadero and the commonwealth's attorney has cross-appealed from that portion of the judgment which held the provision as to the future business activities of the Baileys unconstitutional.

The right of the commonwealth to forfeit property used in an illegal business has been under discussion in several opinions. In Rickman v. Commonwealth, 204 Ky. 848, 265 S.W. 452, 454, it was pointed out:

"The power of the state to forfeit and sell the property is an incident of

its police power. Under its police power it may abate nuisance and may take such steps as are necessary to this end. It may do this by either a civil or a criminal proceeding, but the power only extends to what is reasonably necessary to abate the nuisance. Under this power the state could not provide that all the property a man has, though in no wise connected with the nuisance, should be forfeited to the state."

The same principle is reaffirmed in Froedge v. Commonwealth, 289 Ky. 168, 158 S.W.2d 426, so we see that through the forfeiture, while limited to the res involved in the illegal transaction which resulted in a nuisance, the state has, under its general police power and under the statute, the right to appropriate that property which was instrumental in creating the condition.

With this idea in mind, when we turn to the facts of the instant case, we find that the nuisance, which the commonwealth was attempting to abate, may not be found in the inherent quality of the physical structures involved, but in the type of operation which lends itself to the illicit sale of intoxicants. We have here a man whose record for bootlegging activities extends over a long period of time. His first operations were from the restaurant or nightclub known as the Trocadero. Approximately a little over four years before the agreed judgment under attack was entered into, he abandoned his operation at that place and began anew at the Spinning Wheel Motel. He had bootlegged from both the Trocadero and Spinning Wheel and these properties were actively used in the promotion of that enterprise. This is quite different from the facts and examples given in the case above cited where the property was not being used and never had been used for an illicit purpose. The commonwealth had the right to proceed against that property which had been used and reasonably might be expected to be used in the future. Both the Trocadero

and the Spinning Wheel may be identified by those characteristics. Furthermore, the statute of limitation is expressly established by KRS 413.120(3) at 5 years. The action in this case out of which the judgment against the Trocadero was entered was started within this time. Moreover, the Baileys voluntarily entered into the agreed contract which was embodied in the judgment subsequently entered. They permitted the sale of part of the property and accepted the proceeds of that sale and should not now be allowed to accept the benefits under the contract and deny the remaining portion.

The trial court was of the opinion that so much of the agreed judgment which perpetually enjoined the Baileys from owning or operating hotels, motels, restaurants or places of business of similar nature in Pike County was void. He based his opinion upon the belief that each man has an inalienable right under the constitution to own and enjoy property. Although he recognized that under the general law in certain instances a restraint might legally be placed upon a person's business operation, he believed that the limitations here were too severe to satisfy the general rule.

It is suggested at the outset that general rules as to restraint of trade are applicable only to legitimate businesses, and illicit activities may be restrained and are restrained without limitation either to time or space but even were the general rules of contract applied to the case at bar, we find no inhibition. In Ceresia v. Mitchell, Ky., 242 S.W.2d 359, 363, the following excerpt from 17 C.J.S., Contracts, § 244, was approved:

"'Generally, an agreement imposing a restraint reasonably limited in space is not against public policy, although unlimited in time of operation, regardless of the nature of the business or occupation restrained.'"

While we believe the law concerning the restraint of trade applies only to

legitimate businesses, still the application of that general law would not render the instant contract unconscionable and therefore illegal.

The act of operating hotels, motels, et cetera, may result only from a license granted by the proper authorities and that right is not an inalienable one but may be granted or withdrawn under the broad police powers of the state or governing body under due process of law. We believe, therefore, the court erred in striking from the contract and judgment that portion which enjoined the operation of the Baileys in the field described.

For the reasons given, the judgment is affirmed on original appeal and reversed on cross appeal, and remanded for entry of judgment in conformity with this opinion.