Kevin KANE, Plaintiff,

v.

Russell McDANIEL, Chief, Jefferson County Police Department, Defendant.

Civ. A. No. C 74–364 L(A).

United States District Court,
W. D. Kentucky,
Louisville Division.

Aug. 22, 1975.

Alfred S. Joseph, III, Handmaker, Weber & Meyer, Louisville, Ky., for plaintiff.

Eugene L. Mosley, Louisville, Ky., for defendant.

## MEMORANDUM OPINION
## AND ORDER

ALLEN, District Judge.

This is a suit brought to vindicate alleged constitutional violations under 42 U.S.C. § 1983, with authority in this Court under the provisions of 28 U.S.C. §§ 1343(3), (4). There is also a prayer for declaratory relief under 28 U.S.C.

§§ 2201, 2202. The gravamen of the suit is an attack on the constitutionality of K.R.S. 218A.270(1)(e). Due to the circumstance of an attack on the constitutionality of a state statute and the possibility of having to convene a three-judge court under 28 U.S.C. § 2281 et seq., the plaintiff has withdrawn his prayer for injunctive relief making this case proper for determination by a single judge. *Mitchell v. Donovan*, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); *Triple A Realty v. Florida Real Estate Commission*, 468 F.2d 245 (5th Cir. 1972); *Baker v. Bindner*, 274 F.Supp. 658 (W.D.Ky. 1967). The case is presently pending upon plaintiff's motion for summary judgment.

The facts are not in dispute and substantially appear as follows. On August 9, 1973, some police officers knocked on Kevin Kane's door, showed him a search warrant and demanded entrance. The search warrant authorized search of the apartment of Kevin Kane for marijuana. Those premises were specifically described, but the authority of the search warrant was expressly limited to a search for marijuana. The search warrant was issued upon a proper affidavit and no attack is made directly upon the sufficiency of the search warrant. A thorough search was conducted, the plaintiff was arrested for possession of marijuana for personal use, and several other items were seized including five books.

On October 20, 1973, the plaintiff was found guilty of possession of marijuana for personal use. He thereafter requested of the Jefferson County Police Department the return of the books, which requests were denied. On November 8, 1973, Kane made motion in Jefferson County Quarterly Court for return of the seized items. After a hearing on the motion, on November 21, 1973, Judge Allen Gailor ruled that three of the books were used or intended to be used in violation of K.R.S. 218A.270 and ordered them destroyed. The other two books he ordered returned to the plaintiff. The three books in controversy are *Child's Garden of Grass, Sexual Power of Marijuana* and *The Pot Report.*

The rationale of Judge Gailor's decision does not appear, it merely being stated that after hearing he decided that the three books were used or intended to be used in violation of K.R.S. Chapter 218. On November 28, 1973, plaintiff appealed that decision to the Jefferson Circuit Court. On July 25, 1974, that court dismissed the appeal for lack of jurisdiction. On September 20, 1974, Kane filed suit in this Court contesting the constitutionality of K.R.S. 218A.270(1)(e) and the actions of the police officers under it.

The challenged statute, K.R.S. 218A.270, reads in pertinent part:

"(1) The following are subject to forfeiture:

\* \* \* \* \* \*

(e) All books, records, and research products and materials, including formulas, microfilm, tapes, and data which are used, or intended for use, in violation of this chapter.

(2) Property subject to forfeiture under this chapter may be seized by any law enforcement agency upon process issued by any court having jurisdiction over the property. Seizure without process may be made if:

(a) The seizure is incident to an arrest or a search under a search warrant;

\* \* \* \* \* \*

(d) The law enforcement agency has probable cause to believe that the property was used or is intended to be used in violation of this chapter.

Initially, the Court would point out that it is not bound by the interpretation of the statute in question indulged by the Jefferson County Quarterly Court. However, enlightened the view taken of the statute by that court, it is not an authoritative expression of state law that this Court is obligated to follow

under *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and the Rules of Decisions Act, 28 U.S.C. § 1652; *King v. Orders of Travelers,* 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948); *Commissioner of Internal Revenue v. Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1966); *American Fidelity & Casualty Insurance Company v. Indemnity Insurance Company,* 308 F.2d 697 (6th Cir. 1962); *Royal Indemnity Insurance Company v. Clingan,* 364 F.2d 154 (6th Cir. 1966); *Doggrell v. Great Southern Box Company,* 206 F.2d 671 (6th Cir. 1953). This Court is then at liberty to interpret the pertinent statute as it feels the Kentucky Court of Appeals would interpret it on the same facts. With this background, the Court feels the interpretation of the statute renders unnecessary any constitutional attacks on the facts presented.

■ Forfeitures are drastic remedies and are not favored, *Pen-Ken Gas Company v. Warfield Natural Gas Company,* 137 F.2d 871 (6th Cir. 1943); *Ayers Administratrix v. Ayers,* 212 Ky. 400, 279 S.W. 647 (1926). The forfeiture of property is not a punishment for crime, but is simply an exercise of the police power of the state to appropriate property that was instrumental in the crime so as to prevent the continuance of unlawful acts, *Schneider v. Commonwealth,* 232 Ky. 199, 22 S.W.2d 587 (1929); *Bailey v. Runyon,* 293 S.W.2d 631 (Ky.1956). Therefore, the forfeiture must be limited to the res involved to the extent the police power of the state gives that state a legitimate interest in the restriction of property used in criminal enterprise, *Bailey v. Runyon, supra,* and it is incumbent on the one asserting forfeiture to carry the burden of making clear proof of loss, *Pen-Ken Gas Company v. Warfield Natural Gas Company, supra.* Therefore, forfeiture statutes are strictly construed against forfeiture and in favor of the person whose property rights are affected. *Bratcher v. Ashley,* 243 S.W.2d 1011 (Ky.1952) and every element of the forfeiture must be clearly shown and the rules of procedure are to be construed so

as to narrowly circumscribe the remedy of forfeiture. *United States v. 1954 Oldsmobile,* 132 F.Supp. 688 (W.D.Ky. 1955); *Bratcher .v. Ashley, supra; Commonwealth v. Brown,* 199 Ky. 753, 252 S.W. 104 (1923); *Barnes v. Kosh,* 314 Ky. 558, 236 S.W.2d 454 (1951).

Additionally, the Kentucky Court of Appeals has recognized that to prevent contravention of the constitutional prohibitions against taking property without due process of law, the evidence justifying forfeiture must be strong and convincing in each element underlying the forfeiture, *Chaney v. Commonwealth,* 314 Ky. 279, 234 S.W.2d 960 (1950).

■ It is further indicated that the burden of the evidence is even stronger in cases where the evidence relied upon is more indirect or inferential in nature than other types of evidence. Therefore, although presumptive or circumstantial evidence is admissible in forfeiture proceedings and in some cases may of itself be sufficient to justify forfeiture, the circumstances proven ought not only to harmonize with each other, but those circumstances ought in themselves to be so strong as to satisfy fully any reasonable mind of the facts they are intended to establish. *United States v. 1954 Oldsmobile,* 132 F.Supp. 688 (W.D.Ky.1955).

Given the unfavored and generally reticent attitude of the Kentucky Court of Appeals toward forfeitures in all particulars, both substantive and procedural, this Court feels that there exists every strong possibility that we are on settled and substantial ground in engaging a restrictive interpretation of the statute. One other distinction preliminarily need be indulged; that being the distinction found in the law of forfeiture between contraband per se and derivative contraband. Contraband per se are those items that the mere and simple dominion, possession or control of which, constitutes a criminal offense. Derivative contraband on the other hand are items of property not otherwise illegal, but which are subject to forfeiture according to the use to which they are put. See

*People v. Steskal*, 55 Ill.2d 157, 302 N.E.2d 321 (1973).

The Court is presented with one of those delicate constitutional balances that are always involved when intrusions into the area of books and literature are involved. In such circumstances the First Amendment creates circumscriptions not presented in other areas of the law. The Supreme Court has on numerous occasions pointed out the need for constant vigilance in areas of literature. Such constitutional rights as are involved, however, are those concerning freedom and privacy of thought and speculation, not freedom of the press, *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969); *United States v. Reidel*, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971); *United States v. 37 Photographs*, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971).

▆▆▆▆ The Court has, however, been careful to point out that they have not premised their rulings on the basis of protection of books per se. Books are not pro forma guarded from intrusion just because of their nature. They, like any other type of property that is contraband per se, such as stolen books, are not within the protection of the First Amendment, *Stanley v. Georgia*, supra, note 11. The intrusion into the privacy of a library to the degree it may impose upon the freedom of thought and speculation is very narrowly circumscribed, both by substantive and procedural principles, *Stanley v. Georgia, supra; United States v. Reidel, supra; United States v. 37 Photographs, supra*. In this regard, the Supreme Court has indicated that the most reasonable line of approach in a procedural sense is whether or not the books may conclusively be determined to be engaged in criminal violation or whether it is a matter of later determination. See e. g., *Stanley v. Georgia, supra; United States v. Reidel, supra; United States v. 37 Photographs, supra; Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 879, 13 L.Ed.2d 813 (1965); *Marcus v. Property Search Warrant*, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); *Lee Art Theatre v. Virginia*, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968); *Quantity of Books v. Kansas*, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964).

▆▆▆▆ With all these pitfalls of constitutional dimension involved in an overly broad construction of "books" in K.R.S. 218A.270, this Court does not believe the Kentucky Court of Appeals would so construe the term books. "Books" would mean literature or records made by one person for his own purposes and not intended for general distribution except possibly in general research thesis. It does not except in very exceptional circumstances, incorporate books of general literature. It must be construed functionally in line with the basic intention of the statute. The statutory intent may be gleaned from the federal narcotics statute, 21 U.S.C. § 821 et seq., since it appears that substantial portions of the Kentucky statute were copied from the federal statute. Therefore, reference may be had to the 1970 United States Code Congressional and Administrative News, p. 4566.

▆▆▆▆ Books then mean those recordations of sale of drugs, methods of production of controlled substances, or other memoranda of individual research or action by the person charged with a violation under the Kentucky statutes applicable to controlled substances. This interpretation is buttressed by the wording of K.R.S. 218A.270(1)(e) itself, where "books" are used in connection with " . . . records, and research products and materials, including formulas, microfilm, tapes, and data . . . ."

Since the books here in question are not contraband per se and they are literature of general distribution to the general public for general enlightenment and interest, they do not fall within the terms of the statute K.R.S. 218A.270(1)(e), making them forfeitable under that statute in the manner done. If the police want to control literature of general distribution and interest and engage the constitutional pitfalls of the area of freedom of privacy and thought,

they need keep a watchful eye toward the constitutional principles pertinent thereto. This Court, however, will not indulge the presumption either that the legislature would intend or that the Court would allow such a result.

We hold that under the above definition of "books" employed under K.R.S. 218A.270(1)(e), the facts reflect that the books involved herein do not fall within that definition and the plaintiff herein should be entitled to his books back on that basis, since they do not fall within the terms of the statute. *Bailey v. Runyon, supra; Pen-Ken Gas Company v. Warfield Natural Gas Company, supra; Bratcher v. Ashley, supra; United States v. 1954 Oldsmobile, supra; Commonwealth v. Brown, supra; Barnes v. Kosh, supra; Chaney v. Commonwealth, supra.*

A judgment in accordance with this opinion has been entered this day.