**UNITED STATES of America, Plaintiff,**

v.

**LOT NO. 50, AS SHOWN ON the MAP OF KINGSBURY VILLAGE, UNIT 5, FILED IN the OFFICE OF the COUNTY RECORDER OF DOUGLAS COUNTY, STATE OF NEVADA, ON SEPTEMBER 7, 1966, IN BOOK 1 OF MAPS, AS FILE NO. 33786, Defendant.**

No. CIV–R–81–145–ECR.

United States District Court,
D. Nevada.

Nov. 3, 1982.

Lamond R. Mills, U.S. Atty., Reno, Nev., Law Offices of J. Roger Bissett, Reno, Nev., for plaintiff.

Craig C. Wirsing and Samuel A. Ragnone, Flint, Mich., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Craig Wirsing and Samuel A. Ragnone, as real parties in interest in defendant have moved for summary judgment pursuant to Rule 56 of the Fed.R.Civ.P. This action has been brought under 21 U.S.C. § 881(a)(6) which provides for forfeiture to the United States of all proceeds traceable to an exchange for a controlled substance. The proceeds in question in this case consist of the defendant parcel of real property. Said property was acquired by Mr. Wirsing in 1976. In 1980, Mr. Ragnone, who is Mr. Wirsing's attorney, acquired an interest in the property as payment for legal fees.

Movants allege as a basis for their motion that 21 U.S.C. § 881(a)(6), added in 1978, is unconstitutional as applied in this case because it violates Article I, § 9, Clause 3 of the United States Constitution which prohibits enactment of ex post facto laws. "The ex post facto prohibition forbids the Congress and the states to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' Cummings v. Missouri, 4 Wall [ (71 U.S.) ] 277, 325–326 [18 L.Ed. 356] (1867)." Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). 21 U.S.C. § 881(a)(6) was added by Congress in 1978 to provide for the forfeiture of "proceeds" traceable to an exchange in violation of § 881 and the related statutes.

The threshold question then is whether the constitutional prohibition against enactment of ex post facto laws is applicable to the government's forfeiture claim here. The Supreme Court has consistently held that the ex post facto clause only applies in criminal cases. Calder v. Bull, 3 (3 Dall) U.S. 386, 1 L.Ed. 648 (1798);

Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883); Orr v. Gilman, 183 U.S. 278, 22 S.Ct. 213, 46 L.Ed. 196 (1902). It has also been said that ex post facto laws "embrace only such as impose or affect penalties or forfeitures." Locke v. New Orleans, 71 (4 Wall) U.S. 172, 173, 18 L.Ed. 334 (1867). More importantly the Supreme Court has acknowledged that "the ex post facto effect of a law cannot be evaded by giving a civil form to that which is essentially criminal." Burgess v. Salmon, 97 U.S. 381, 24 L.Ed. 1104 (1879); see Harisiades v. Shaughnessy, 342 U.S. 580, 595, 72 S.Ct. 512, 521, 96 L.Ed. 586 (1953). That is, "... it is the effect, not the form, of the law that determines whether it is ex post facto." Weaver v. Graham, 450 U.S. at p. 31, 101 S.Ct. at p. 965.

Though the forfeiture procedure provided in 21 U.S.C. § 881 is civil in form it cannot be seriously disputed that in effect it also serves to punish those engaging in illegal drug trafficking and narcotic activity in violation of that subchapter. This view is supported by the observation of the Supreme Court in United States v. U.S. Coin & Currency, 401 U.S. 715, 721–22, 91 S.Ct. 1041, 1044, 28 L.Ed.2d 434 (1971) that federal forfeiture procedures in general and "... viewed in their entirety ... are intended to impose a penalty only upon those who are significantly involved in criminal enterprise." Even though some courts have held that forfeitures such as that involved here are not punishments for crime but rather a tool used by the state to restrict and prevent criminal enterprise (see e.g., Kane v. McDaniel, 407 F.Supp. 1239, 1242 (W.D.Ky.1975), this Court finds that the ex post facto Clause does apply to 21 U.S.C. § 881(a)(6) because it requires a close relationship to criminal activity and in effect does punish those persons who own property subject to its provisions.

The above finding is not entirely dispositive of this motion. The government contends that it is not necessarily forfeiture of the real property acquired by Craig C. Wirsing in 1976 which is sought here but

rather proceeds from an alleged unlawful transaction traceable to improvements purportedly made on the subject real property after the relevant amendment of 21 U.S.C. § 881 in 1978. While these potentially complicated issues could possibly have been resolved upon this summary judgment motion, neither the plaintiff nor the real parties in interest have here provided affidavits or other documentary evidence from which the Court may now allocate and determine the respective values of the real property as acquired before and after the addition of § 881(a)(6).

There also remains the question of whether the "undivided one-fifth (⅕) interest" in the subject property acquired by Attorney Ragnone on January 11, 1980, may be subject to forfeiture. The final portion of 21 § 881(a)(6) states that:

"... no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner."

The government maintains that in order to protect his interest from forfeiture Attorney Ragnone must not have had knowledge that Wirsing obtained the subject property with proceeds traceable to a controlled substances transaction. Of course, at this point the record does not disclose whether or not the subject real property, or any improvements thereon, was obtained with proceeds traceable to a controlled substances transaction or what information, if any, Attorney Ragnone had regarding the same at the time he acquired his interest.

Obviously, several material triable issues of fact remain in this action. Based on the foregoing, however, partial summary judgment is appropriate as to the issue of possible forfeiture of the property interest obtained by Wirsing prior to the time 21 § 881(a)(6) was added by Congress in 1978. This is not to say that the real property in question may not be subject to forfeiture to the extent of the value of any improvements made with proceeds traceable to controlled substances transaction(s) after the

amendment of Section 881. The question of whether and to what extent Attorney Ragnone's interest in the real property may be subject to forfeiture in this proceeding additionally remains a subject for further development and determination.

IT IS HEREBY ORDERED that the motion for summary judgment filed on August 27, 1982, is *DENIED* except that partial summary judgment shall be entered as herein set forth.