John Christopher HARRISON, Plaintiff,

v.

Robert S. McNAMARA, Secretary of Defense et al., Defendants.

Civ. A. No. 9744.

United States District Court
D. Connecticut.

April 13, 1964.

As Amended April 24, 1964.

Burton M. Weinstein, Bridgeport, Conn., for plaintiff.

F. Kirk Maddrix, Dept. of Justice, Washington, D. C., for defendants.

Before SWAN, Circuit Judge, and ANDERSON and TIMBERS, District Judges.

SWAN, Circuit Judge.

On July 13, 1961 Harrison applied for employment as Inspector (Electronics Equipment) at the Sikorsky Airfield in Stratford, Connecticut. This is a "sensitive" position, i. e. an Inspector has access to "classified" (secret) information. On October 9, 1961 Harrison was appointed by an authorized representative of the Bureau of Naval Weapons as a temporary employee and assigned work at the Bridgeport Airport which he could perform without having or needing access to "classified" information. On July 9, 1962 Capt. Alley, Commanding Officer of the Bureau of Naval Weapons installation at Stratford, notified Harrison of his proposed suspension and removal for failure to be granted a security clearance, in-

forming him also that the removal action would not become effective until directed by the Secretary of the Navy. By notice to Harrison dated October 4, 1962 the Secretary of the Navy terminated his employment.

Harrison brought the present suit on April 5, 1963 against the Secretary of Defense, the Secretary of the Navy, two Undersecretaries of the Navy, and the above-mentioned Capt. Alley, all of whom participated in the decision to terminate Harrison's employment. The complaint seeks a declaratory judgment that his suspension and dismissal were in violation of his constitutional rights. It prays that he be reinstated and recover a money judgment for lost wages. It also requests the convocation of a three-judge court, which Chief Judge Lumbard appointed on April 30, 1963.

Defendants' answer to the complaint was filed June 6, 1963. It admits the main factual allegations of the complaint but denies that defendants acted illegally. It asserts two additional defenses: (1) that the complaint fails to state a claim upon which relief can be granted; and (2) that the complaint seeks a review of agency action which is committed by law solely to the executive branch of the government.

By stipulation the time for briefs was extended to November 1 and for reply briefs to November 18, and Judge Anderson so ordered. The case is before us on the pleadings, affidavits by Harrison and others, the deposition of Capt. Alley taken on behalf of the plaintiff on May 15, 1963, and arguments of counsel.

The first matter for consideration was plaintiff's motion to substitute as parties defendant certain officials who have superseded others originally named. There being no opposition, this motion was granted.

The next matter was defendants' motion of March 9, 1964 to dispense with the three-judge court and submit the case for decision by a single judge. After hearing argument, this motion was denied. Plaintiff's complaint sought a man-datory injunction directing defendants to reinstate him, on the ground, among others, that the defendants acted under an unconstitutional statute when they removed him. This is clearly an action for an "injunction restraining the * * * execution" of a federal statute for repugnance to the Constitution; therefore 28 U.S.C. § 2282 requires the application to be heard by a court of three judges. Federal Housing Adm. v. The Darlington, Inc., 352 U.S. 977, 77 S.Ct. 381, 1 L. Ed.2d 363.

Both sides have moved for summary judgment. The pleadings, affidavits and exhibits establish that the relevant facts are not in dispute, and an examination of the record leads to the conclusion that plaintiff's motion should be denied and the defendants' motion should be granted. Since under Rule 52(a), F.R.Civ.P., we are not required to make findings of fact where summary judgment is granted, we shall summarize the pertinent facts in narrative form.

The Statement of Charge and Specifications accompanying Capt. Alley's notice of July 9, 1962 is too long to reproduce in full. The charge is "Falsification or omissions of material facts, and behavior indicating that John Christopher Harrison is not reliable or trustworthy (Naval Civilian Personnel Instruction 732.3–2) which precludes his being granted a security clearance as set forth in NCPI 732.-6–4." In summary, the specifications state that Harrison, in filling out personnel forms, gave false answers when he denied (1) that he had ever been a member of a Communist organization; (2) that he had ever associated closely with Communists; and (3) that he had ever been "arrested, charged or held" by law enforcement officers.

After referring to statements by Harrison to FBI agents, the concluding paragraph reads:

"Your negative answers to the questions set forth in the particular specifications under Charge I are at variance with your previous activities and statements to the FBI. Such facts were within your knowledge

prior to your signing and certification of Civil Service Commission Standard Form 57, dated 13 July 1961, an Application for Federal Employment; Department of Defense Form–398, a Statement of Personal History, dated 9 October 1961 and Amended Department of Defense Form–398, dated 18 October 1961."

On August 16, 1962 Harrison filed with the Navy Security Hearing Board a reply to the statement of charges. In this statement he admitted false statements in his personnel forms dated July 13 and October 9, but claimed that the false statements were unintentional or immaterial and that his amended form dated October 18, 1961, had corrected his prior false statements.

[2] The statutory basis for the defendants' actions in removing plaintiff from his job is 5 U.S.C. § 22–1. This statute empowers the Secretary of the Navy to suspend and discharge any civilian employee when he concludes that the national security requires it. Under the First Proviso of this section, any employee must be given notification of the reasons for his suspension, insofar as the Secretary thinks the national security permits such disclosure. The employee then may submit any statements or affidavits in his defense. Another proviso entitles a "permanent" employee who has passed his probationary period to demand a hearing on the charges before he can be dismissed. Harrison, still a temporary employee at the time of his discharge, was not in this category. The main thrust of plaintiff's argument on constitutionality is that this section, in its failure to require a hearing for temporary employees, violates the Due Process Clause of the Fifth Amendment to the Constitution.

The Navy Department regulations implementing this statute are found in Navy Civilian Personnel Instruction (N CPI) 732. The pertinent part, upon which the defendants rely, follows.

"3–2 Criteria for Application of Standard.

"a. Information regarding * * an employee, which may preclude a finding that his * * * retention is clearly consistent with the interests of the national security, shall relate, but shall not be limited, to the following:

"(1) Depending on the relation of the employment to the national security:

"(a) Any behavior, activities, or associations which tend to show that the individual is not reliable or trustworthy.

"(b) Any deliberate misrepresentations, falsifications, or omission of material facts."

Since Harrison was discharged because of his false answers, and not because of his past activities in themselves, his arguments regarding limitations on freedom of speech, ex post facto laws and unsympathetic association are ill-taken. Harrison also attacks his discharge, however, on the ground that his false statements were not "material" within the meaning of NCPI 732.3–2a(1) (b) because the true facts in themselves would not justify denial of a clearance. But § 3–2 makes it obvious, and we agree, that the truthfulness of a man is material in estimating his reliability. Harrison's discharge, therefore, was authorized by the statute and the regulations. Assuming, without deciding, as plaintiff argues, that section 22–1 gives the Secretary the discretionary power to hold a hearing for a temporary employee, we find no abuse of that discretion in refusing to order it.

We are left, then, with plaintiff's contention that the Due Process Clause of the Fifth Amendment to the Constitution requires a trial-type hearing, with the opportunity to cross-examine adverse witnesses, before the Navy can take an action that would have the effect of depriving him of his chosen career. Harrison has sworn that his failure to receive a security clearance has foreclosed him from obtaining work as an electronics inspector, since all employers with positions in that line are engaged in de-

fense work and require an employee to have a security clearance. Alternatively, plaintiff contends that the statutory distinction between permanent and temporary or probationary employees is an unreasonable classification violative of the Equal Protection Clause of the Fourteenth Amendment, as incorporated into the Fifth Amendment. To take up this latter, narrower, contention first, we find that the statutory distinction is not so unreasonable as to constitute a denial of the equal protection of the laws, assuming *arguendo*, that the Fourteenth Amendment to that extent had been made operative against the federal government. Unless there is a constitutional right to a hearing on the part of all employees, it is not unreasonable for Congress to give additional protection to permanent employees, who have been led to expect, by virtue of their having been accepted into that status, that their employment for a period of many years is contemplated.

In his broader attack upon the statute Harrison relies heavily upon Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377. Greene, an employee of a private defense contractor, had his security clearance revoked and was thereafter unable to find any employment in his profession, aeronautical engineering. The Supreme Court held that the statutes and executive orders governing military security did not authorize the Defense Department to adopt a program whereby a clearance might be revoked without giving the subject an opportunity to cross-examine adverse witnesses. The major distinction between that case and this one, of course, is that here a statute specifically authorizes the procedure that was followed. The opinion in Greene points out at some length the danger of injustice when a man is effectively barred from following his trade on the basis of secret testimony. Whatever impact this danger may have had upon the construction of the executive orders in that case, it is of minimal importance here, where the denial of the clearance was explicitly grounded on the admittedly false state-

ments of plaintiff, not upon the secret evidence of unnamed informers. While a government employee of any sort has the right to be free from discharge on arbitrary or discriminatory grounds, Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216, Slochower v. Board of Education, 350 U.S. 551, 76 S. Ct. 637, 100 L.Ed. 692, see also Cafeteria Workers v. McElroy, 367 U.S. 886, 898, 81 S.Ct. 1743, 6 L.Ed.2d 1230, we cannot say that the action or procedure here violated this right.

The plaintiff's motion for summary judgment is denied; summary judgment is entered for the defendants.