Rigoberto **MELENDEZ**, Plaintiff, Appellee,

v.

George P. **SHULTZ**, as he is Secretary of the Treasury, Defendant, Appellant.

No. 73-1173.

United States Court of Appeals, First Circuit.

Argued Oct. 4, 1973.

Decided Nov. 5, 1973.

Fifth Amendment Due Process claim and a Fourth Amendment claim. A three-judge court was convened, and, without reaching the broader issues posed by the complaint, ordered the plaintiff's car returned, holding that the failure of the government to obtain a warrant violated the Fourth Amendment, 356 F.Supp. 1205.

The liminal issue is whether we have jurisdiction to hear the appeal under 28 U.S.C. § 1253. If the court below was improperly convened, this court has jurisdiction to hear the appeal, Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1940).[1] If a complaint seeks injunctive relief against enforcement of a federal statute on the basis of claimed unconstitutionality, a three-judge court must be convened, 28 U.S.C. § 2282. This procedure can be avoided only if the claim is frivolous, Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). In this case, the claim clearly challenged the constitutionality of the statutory scheme for seizure and forfeiture and sought to enjoin its operation as to appellee.[2] Although the government has strenuously argued that the statutory scheme is exclusive, such an ipse dixit falls far short of demonstrating the absence of a non-frivolous issue.

While appeal normally lies directly to the Supreme Court from a decision of a properly convened three-judge court, this general rule is subject to some complex variations. See American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, § 1374 (1969) and commentary at pp. 28–29. One definite exception to

Harry H. Ellis, Staff Assistant to the Chief Counsel, with whom Matthew J. Werneth, Chief Counsel, Bureau of Alcohol, Tobacco and Firearms, Washington, D. C., James N. Gabriel, U. S. Atty., and William A. Brown, Asst. U. S. Atty., were on brief, for appellant.

Peter K. Speert, Boston, Mass., with whom Paula W. Gold, Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, MOORE, Senior Circuit Judge,* and McENTEE, Circuit Judge.

COFFIN, Chief Judge.

Appellee challenged the constitutionality of forfeiture proceedings under 49 U.S.C.A. § 782 and sought to enjoin the operation of the statute as applied to him. The challenge was based on a

---

* Of the Second Circuit, sitting by designation.

1. Lynch v. Household Finance, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1971), may arguably be read to direct that even purely jurisdictional questions about the convening of a three-judge court must be decided first by the Supreme Court. We do not reach this issue.

2. An injunction seeking to restrain the operation of a statute as to a particular plaintiff is an action for "an injunction restraining . . . execution" of a federal statute under 28 U.S.C. § 2282. Schneider v. Smith, 390 U.S. 17, 88 S.Ct. 682, 19 L.Ed.2d 799 (1968); Federal Housing Administration v. The Darlington, Inc., 352 U.S. 977, 77 S.Ct. 381, 1 L.Ed.2d 363 (1957); Harrison v. McNamara, 228 F.Supp. 406 (D.C.Conn. 1964), aff'd, 380 U.S. 261, 85 S.Ct. 954, 13 L.Ed.2d 960 (1965).

direct appeal has been carved out for cases where declaratory but not injunctive relief is sought and granted. In such cases appeal lies to a court of appeals. Mitchell v. Donovan, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Rockefeller v. Catholic Medical Center of Brooklyn & Queens, Inc., 397 U.S. 820, 90 S.Ct. 1517, 25 L.Ed.2d 806 (1970). This narrow, literal reading of the statute is the result of concern for the burden created by direct appeals upon the Supreme Court docket. Goldstein v. Cox, 396 U.S. 471, 478, 90 S.Ct. 671, 24 L.Ed.2d 663 (1970); Phillips v. United States, 312 U.S. 246, 250, 61 S.Ct. 480, 85 L.Ed. 800 (1941). The Second Circuit, relying on this trend toward restricting direct appeals, recently held that it is the relief granted which must be looked to and if the three-judge court "forbears" from either granting or denying injunctive relief, appeal must be taken to the courts of appeal. Thoms v. Heffernan, 473 F.2d 478 (2d Cir. 1973). The question arises, therefore, whether we have jurisdiction in this case because the three-judge court decided on a narrow ground of application, not reaching the facial constitutionality of the federal statute. *See* Moore, 9 Federal Practice 70 & 80 (1973).

 This case does not afford an opportunity for further narrowing the statute. We share the concern for the Supreme Court's docket and the difficulties generally provoked by the three-judge court statute. However, Congress has not seen fit to alter its provisions, and while it remains on the books, there is value in not frustrating both its purpose and its predictability of operation. Even the most literal reading applies to this case. Title 28 U.S.C. § 1253 provides "any party may appeal to the Supreme Court from an order granting or denying . . . an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges." Here, a federal agency was ordered to return property forfeited pursuant to

the normal operations of an Act of Congress. This was an order "granting an injunction". Insofar as it did not reach the appellee's Fifth Amendment Due Process argument it denied further relief. We cannot parse the statute to say that the order was not one "granting or denying . . . an interlocutory or permanent injunction" by a properly convened three-judge court.

We observe, finally, that were we to accept jurisdiction and respect the scope of review permitted to us, we would be precluded from considering the broader constitutional issues presented below. Such a limitation on review would not be present if there is direct appeal to the Supreme Court.

The case is remanded to the District Court so that it may enter a fresh decree from which timely appeal may be taken to the Supreme Court.