## MITCHELL ET AL. *v.* DONOVAN, SECRETARY OF STATE OF MINNESOTA, ET AL.

No. 726.  Argued April 21, 1970—Decided June 15, 1970

*Lynn S. Castner* argued the cause for appellants.  With him on the brief were *Melvin L. Wulf* and *Eleanor Holmes Norton.*

*Richard H. Kyle,* Solicitor General of Minnesota, argued the cause for appellees.  With him on the brief were *Douglas M. Head,* Attorney General, *pro se, Arne L. Schoeller,* Chief Deputy Attorney General, *James M. Kelley,* Assistant Attorney General, and *John R. Kenefick,* Special Assistant Attorney General.

PER CURIAM.

The appellants are the 1968 Communist Party candidates for President and Vice President of the United States, various Minnesota voters who alleged a desire

to vote for these candidates, and the Communist Parties of the United States and of Minnesota. The appellant candidates obtained petitions containing the requisite number of names and asked the Secretary of State of Minnesota to place them on the ballot for the 1968 election. The Secretary denied the request, relying upon an opinion by the Attorney General of the State to the effect that placing Communist Party candidates on the ballot would violate the Federal Communist Control Act of 1954, 68 Stat. 775, 50 U. S. C. §§ 841–842, which declares that the Communist Party "should be outlawed," and purports to strip it of all "rights, privileges, and immunities attendant upon legal bodies created under the jurisdiction of the laws of the United States or any political subdivision thereof . . . ."

The appellants brought an action in the United States District Court for the District of Minnesota seeking a declaration that the Communist Control Act was constitutionally invalid and praying for a temporary restraining order and permanent injunction requiring the Secretary to include the names of the appellant candidates on the November 1968 ballot. Because of the appellants' request for injunctive relief based upon a claim that a federal statute was unconstitutional, a three-judge District Court was impaneled pursuant to 28 U. S. C. § 2282. The three-judge court noted that time was short before the election; that the equities favored the appellants; that the United States had taken the position in an *amicus* brief that the Communist Control Act did not bar the placement of Communist Party candidates upon the ballot; and that if the Act did apply in the manner asserted by the State, there would be "grave doubts" as to its constitutionality. Accordingly, without deciding the merits of the appellants' claims, the

court ordered that the names of the appellant candidates be placed on the November 1968 ballot. 290 F. Supp. 642. The candidates received the votes of 415 Minnesotans in that election.

After the election, the appellants moved to amend the complaint, alleging that the Communist Party intended to run candidates in future elections in Minnesota and, on information and belief, that Minnesota would adhere to its position that the Communist Control Act barred placing these candidates on the ballot. The District Court allowed the amendment of the complaint. It held that the prayer for injunctive relief, which referred only to the 1968 election and requested no injunction as to future conduct, had been rendered moot by the passing of that election. As to the prayer for a declaratory judgment striking down the Communist Control Act, the court found no present case or controversy. In the court's view it was not sufficiently certain that the Communist Party would run candidates in the future or that Minnesota would adhere to its construction of the federal statute, to take the case out of the realm of the hypothetical. It therefore dismissed the complaint. 300 F. Supp. 1145.

The appellants brought a direct appeal to this Court under 28 U. S. C. § 1253, which provides:

> "Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges."

The appellees moved to dismiss the appeal on the ground that the order complained of was not one "grant-

ing or denying . . . an interlocutory or permanent injunction." We noted probable jurisdiction, 396 U. S. 1000. The appellees have persisted in their claim that the Court lacks jurisdiction to consider this appeal, and after hearing oral argument we have concluded that they are right.

The order appealed from does no more than deny the appellants a declaratory judgment striking down the Communist Control Act. The only injunction ever requested by the appellants was one ordering the names of the Communist Party candidates to be placed on the ballot for the November 1968 election. That injunction was granted, and no appeal was taken by the state officials. As is plain from the opening words of its opinion in the present proceeding, the District Court recognized that no request for injunctive relief was before it: "We concern ourselves here with the propriety of entertaining that portion of plaintiffs' complaint seeking declaratory relief . . . ." 300 F. Supp., at 1146.

That leaves us with the question whether an order granting or denying only a declaratory judgment may be appealed to this Court under § 1253. In a recent case, *Rockefeller* v. *Catholic Medical Center,* 397 U. S. 820, we gave a negative answer to that question, and we adhere to that decision. Section 1253 by its terms grants this Court jurisdiction only of appeals from orders granting or denying injunctions. While there are similarities between injunctions and declaratory judgments, there are also important differences. *Kennedy* v. *Mendoza-Martinez,* 372 U. S. 144, 154–155; cf. *Zwickler* v. *Koota,* 389 U. S. 241, 254. The provisions concerning three-judge courts, including the provisions for direct appeal to this Court, antedate the Declaratory Judgment Act of 1934,[1]

---

[1] 48 Stat. 955, 28 U. S. C. §§ 2201–2202.

but Congress substantially amended the three-judge court provisions in 1937 and 1948 without providing for such direct appeals from orders granting or denying declaratory judgments.[2]

We have stressed that the three-judge-court legislation is not "a measure of broad social policy to be construed with great liberality," but is rather "an enactment technical in the strict sense of the term and to be applied as such." *Phillips* v. *United States,* 312 U. S. 246, 251. Thus this Court's jurisdiction under that legislation is to be literally construed. It would hardly be faithful to such a construction to read the statutory term "injunction" as meaning "declaratory judgment." [3]

We conclude, therefore, that this Court lacks jurisdiction of the appeal. A simple dismissal for want of jurisdiction, however, would leave the appellants with no recourse to appellate review, because they brought their appeal here rather than to the Court of Appeals and the time for appealing to the Court of Appeals has long since passed. Accordingly, as in other cases where an appeal was improperly brought to this Court rather than the Court of Appeals,[4] we vacate the judgment below and remand the case so that the District Court may enter a

---

[2] The early history of the three-judge-court statute, then § 266 of the Judicial Code, is summarized in *Goldstein* v. *Cox,* 396 U. S. 471, 476–477. The 1937 and 1948 amendments, both of which made substantial changes in the statute, appear at 50 Stat. 752 and 62 Stat. 968, respectively.

[3] One commentator has argued for the broader construction on grounds of policy and logical symmetry, see Currie, The Three-Judge District Court in Constitutional Litigation, 32 U. Chi. L. Rev. 1, 13–20, but those arguments should be directed to Congress rather than the courts.

[4] *Rockefeller* v. *Catholic Medical Center, supra; Stamler* v. *Willis,* 393 U. S. 407; *Moody* v. *Flowers,* 387 U. S. 97; *Phillips* v. *United States, supra.*

fresh order dismissing the complaint, thus affording the appellants an opportunity to take a timely appeal to the Court of Appeals for the Eighth Circuit.

*It is so ordered.*

MR. JUSTICE BLACK concurs in the result.

MR. JUSTICE BLACKMUN took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, dissenting.

I agree with the District Court that the case is too hypothetical to qualify as a "case" or "controversy" within the meaning of Article III and I would affirm. I do not, however, share the aversion to 28 U. S. C. § 1253 which the Court's opinion reflects. I would be hospitable to its aim and purpose as my dissent in *Swift & Co.* v. *Wickham,* 382 U. S. 111, 129, indicates. The declaratory judgment is, I think, "an order granting or denying . . . an . . . injunction" within the meaning of § 1253.

*Kennedy* v. *Mendoza-Martinez,* 372 U. S. 144, is not to the contrary. It merely held that in some circumstances "an action solely for declaratory relief" could be tried before a single judge where the "relief sought and the order entered affected an Act of Congress in a totally noncoercive fashion." *Id.,* at 154, 155. We indicated, however, that a different result would follow "whenever the operation of a statutory scheme may be immediately disrupted before a final judicial determination of the validity of the trial court's order can be obtained." *Id.,* at 155.

The *Kennedy* case, in other words, involved solely the question whether a three-judge court need always be summoned where no injunctive relief was asked or contemplated. The answer involved an analysis of 28 U. S. C. § 2281 and § 2282. We are now concerned with

§ 1253 and the meaning of "an order granting or denying . . . an . . . injunction." The declaratory judgment may well contain a "thou shalt not" as commanding as any injunction. Or its refusal may be as definitive an adjudication as the refusal of an injunction. Ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid.

Where, as here, the three-judge court was properly convened, I would think that any action it took, which was denying or granting an injunction or its equivalent, would be properly here under 28 U. S. C. § 1253.