**E. Michael McCANN, District Attorney of Milwaukee County, Wisconsin, Petitioner,**

**v.**

**Otto KERNER, Circuit Judge, John W. Reynolds, District Judge, and Myron L. Gordon, District Judge, Sidney G. Babbitz and F. Ryan Duffy, Jr., Judge of the County Court, Milwaukee County, Respondents.**

**No. 18913.**

United States Court of Appeals, Seventh Circuit.

Jan. 14, 1971.

E. Michael McCann, Milwaukee, Wis., for petitioner.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for respondents.

Before SWYGERT, Chief Judge, and PELL and STEVENS, Circuit Judges.

---

PER CURIAM.

This is a petition requesting that a writ of prohibition or mandamus be directed to a three-judge district court convened in the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 2281, 2284. Petitioner McCann seeks relief from an order of that court enjoining him from enforcing the Wisconsin abortion statute by either prohibiting the enforcement of the order or, in the alternative, mandating the respondent judges to expunge the order as being null and void.

On March 5, 1970 the three-judge district court rendered an opinion declaring the Wisconsin abortion statute unconstitutional but refusing to grant the requested injunctive relief, Babbitz v. McCann, 310 F.Supp. 293 (E.D.Wis. 1969).[1] On April 3, 1970 petitioner filed timely notices of appeal from the district court judgment to the United States Supreme Court and to this court. On October 12, 1970 the Supreme Court dismissed petitioner's appeal, citing Mitchell v. Donovan, 398 U.S. 427, 90 S. Ct. 1763, 26 L.Ed.2d 378 (1970) and Gunn v. University Committee to End the War in Viet Nam, 399 U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684 (1970).

On October 14, 1970 the three-judge court, sua sponte, issued an order requiring petitioner to show cause why an injunction should not be issued enjoining the defendants from prosecuting the plaintiff Babbitz under the Wisconsin abortion statute. Following a hearing pursuant to the show cause order, the court on November 18 permanently enjoined the defendants from enforcing the Wisconsin statute in order to "protect and effectuate" its previous judgment.

Petitioner argues that the November 18 order is a nullity and must be expunged because the district court lacked jurisdiction. He contends that upon the filing of the notices of appeal on April 3, jurisdiction was transferred either to the Supreme Court or to this court and that the district court did not retain power to modify its earlier order to grant additional relief. We disagree with this contention insofar as it relates to the district court's retention of power to grant injunctive relief.

Although the law is settled that a timely notice of appeal operates to transfer jurisdiction from the district court to the court of appeals with respect to the judgment from which the appeal is taken,[2] we hold that in the instant situation the district court was not divested of its authority to grant the injunctive order. We take this view for several yet complementary considerations.

We note first that although the district court initially denied the request for injunctive relief, petitioner did not include the denial in his notice of appeal to this court. Apparently petitioner's action was taken advisedly since he had no appealable interest in that part of the original judgment which denied an injunction.[3] Only the plaintiff Babbitz

---

1. On March 5, 1970 the district court entered a judgment reading in relevant part:
    It is ordered and adjudged that Sections 940.04(1) and (5) of Wisconsin Statutes are violative of the United States Constitution.
    On March 11, 1970 the district court entered an amended judgment reading in relevant part:
    It is ordered and adjudged that Sections 940.04(1) and (5) of Wisconsin Statutes are violative of the United States Constitution, and it is further ordered that the injunctive relief sought by the plaintiff be and hereby is denied.

2. In re Federal Facilities Realty Trust, 227 F.2d 651 (7th Cir. 1955); Elgen Manufacturing Corp. v. Ventfabrics, Inc., 314 F.2d 440 (7th Cir. 1963); 9 J. Moore, Federal Practice ¶ 203.11 (pp. 734–35).

3. Gunn v. University Committee, 399 U.S. 383, 390 n. 5, 90 S.Ct. 2013, 26 L.Ed.2d 684. Moreover, the denial of an injunction by a three-judge court would not be appealable to this court in any event. 28 U.S.C. § 1253. We note that the notice of appeal to the Supreme Court included the entire amended judgment entered on March 11, 1970.

had such an interest that might have been asserted on cross-appeal. Consequently, the denial of the injunctive relief was not part of the judgment now on appeal in this court.[4] It follows perforce that the district court retained jurisdiction to alter or amend the judgment with respect to the issuance of an injunction.

Secondly, as the district court noted, it had express statutory authority to issue a permanent injunction in order to protect and effectuate its judgment. 28 U.S.C. § 2283 provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

As the district court's *per curiam* opinion unhappily reveals, the bare holding by a three-judge court that a state statute is unconstitutional might be treated with impunity. Thus in this case its exercise of the authority granted by section 2283 was appropriate, particularly in light of the further statutory authority found in 28 U.S.C. § 2202 which provides:

> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

The provision contemplates that subsequent to the issuance of a declaratory judgment, a court may upon notice and hearing grant injunctive relief to protect and enforce its judgment. This is exactly what was done here.

Finally, we view with significance the Supreme Court's observation in Gunn v. University Committee, *supra,* that the district court there issued no "further order of any kind" subsequent to its pronouncement that the statute in question was unconstitutional and that the plaintiffs were entitled to injunctive relief against its enforcement. The Court thereafter commented:

> And even though the question of this Court's jurisdiction under § 1253 was fully exposed at the original oral argument of this case, the District Court still entered no order and no injunction during the 15-month period that elapsed before the case was argued again. 399 U.S. at 387, 90 S. Ct. at 2016.

This statement indicates that the Court assumed the district court retained the power to grant injunctive relief while the appeal was pending before that court.

The fact that the district court having now issued an injunction against the enforcement of the statute may lodge reviewability of such action both procedurally and substantively in the Supreme Court under 28 U.S.C. § 1253 also merits our concern. The granting of the extraordinary relief requested by petitioner might indeed constitute an assumption of reviewing power by this court over a matter which Congress has expressly removed from the appellate jurisdiction of the courts of appeals.

For the foregoing reasons the petition is denied.

---

4. For the present we do not decide whether the "judgment" entered on March 5, 1970 standing alone is an appealable judgment.

*See* Gunn v. University Committee, 399 U.S. 383, 390 n. 6, 90 S.Ct. 2013, 26 L. Ed. 684.