**Hon. Mike GRAVEL et al., Plaintiffs,**

**v.**

**Melvin R. LAIRD et al., Defendants.**

**Civ. A. No. 945-72.**

United States District Court,
District of Columbia.

Aug. 9, 1972.

Philip J. Hirschkop, Washington, D. C., for plaintiffs.

Michael A. Katz, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

WILLIAM B. JONES, District Judge.

Plaintiffs herein, two members of the United States Senate, twenty members of the United States House of Representatives and the delegate to Congress of the District of Columbia, have brought this action "in their individual capacities as citizens of the United States and in their official capacities as members of Congress" (Complaint,

paragraph 2) against the President of the United States, the Secretaries of State, and of Defense and the various military departments, and against the United States, asserting that the military operations being conducted by the United States in Southeast Asia, particularly recent actions taken against North Vietnam in response to its invasion of South Vietnam, are unlawful for the reason that no declaration of war has been made by the Congress. (Complaint, paragraph 8).

Plaintiffs seek a declaratory judgment "that defendants are violating Article I, Section 8, Clause 11 of the United States Constitution in their actions against the Democratic Republic of Vietnam and other countries as described in the President's message of May 8, 1972." Plaintiffs also request the Court to enjoin defendants from carrying on further acts of war, especially those acts announced by the President in his message of May 8, 1972, and by the Secretary of Defense in his press statement of May 10, 1972, unless those acts are specifically authorized by Congress.

On May 12, 1972, this Court ordered that this action be dismissed as to the President and that the style of this action be changed to read Hon. Mike Gravel, et al. v. Melvin R. Laird, et al. This action is now before the Court on plaintiffs' motion to convene a three-judge court and defendants' motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted.

As to plaintiffs' motion to convene a three-judge court, 28 U.S.C. § 2282 (1970) provides:

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under Section 2284 of this title.

Neither in their complaint nor in their motion to convene a three-judge court have plaintiffs made any allegation asserting the unconstitutionality of any Act of Congress. Indeed, as defendants point out, plaintiffs' complaint centers about allegations that defendants are conducting hostilities in Southeast Asia *without* an Act of Congress specifically authorizing such activities.

■ Plaintiffs argue that they specifically allege that "the actions of the defendants in the operation and execution of appropriations Acts of Congress is unconstitutional." But plaintiffs are not challenging the constitutionality of these appropriations Acts nor of any other Acts of Congress. Plaintiffs therefore have not met the statutory requirement for convening a three-judge court, a requirement which has repeatedly been held essential. *See* Mitchell v. Donovan, 398 U.S. 427, 431, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1940); Krebs v. Ashbrook, 275 F.Supp. 111, 118 (D.D.C.1967), aff'd 132 U.S.App.D.C. 176, 407 F.2d 306, cert. den. 393 U.S. 1026, 89 S.Ct. 619, 21 L.Ed.2d 570 (1969).

■ In considering a motion to convene a three-judge court, the district judge to whom the case is first assigned looks not only to the statutory requirements of 28 U.S.C. § 2282 but to jurisdictional prerequisites as well. If the district judge finds that federal jurisdiction is lacking, he may dismiss the action without referring the matter to a three-judge court. Lion Mfg. Corp. v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833 (1964).

Defendants contend that this Court lacks jurisdiction because: (1) plaintiffs lack standing, as citizens generally or as Congressmen, to challenge defendants' actions herein; (2) this is a suit against the United States to which it has not consented; and (3) the propriety of the United States military operations in question here presents a nonjusticiable political question.

Plaintiffs assert that they have standing to sue both in their capacity as Congressmen and as citizens generally. They have not, however, in either capacity shown sufficiently that the action they challenge has caused them individually "injury in fact." Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Plaintiffs contend that Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), confers upon them standing to sue in either capacity. Their reliance on *Flast* in the circumstances of the instant case is misplaced. *Flast* recognizes taxpayer standing to challenge a Congressional spending statute where a plaintiff can show: (1) a nexus between his status as taxpayer and the enactment challenged; (2) that the enactment challenged exceeds specific constitutional limitations on the taxing and spending power of Congress. Plaintiffs here have not made such a showing either in their capacity as Congressmen or as citizens generally. In Velvel v. Nixon, 415 F. 2d 236 (10th Cir. 1969), cert. den. 396 U.S. 1042, 90 S.Ct. 684, 24 L.Ed.2d 686 (1970), the Court made it clear that the decision in *Flast, supra,* did not extend to individuals as citizens and taxpayers the capacity to come into a federal court to challenge the legality of the conflict in Vietnam on essentially the same grounds that are urged by plaintiffs herein.

The United States Court of Appeals for the District of Columbia Circuit has made it very clear that the question of the legality of the military operations in Vietnam is a political question beyond the jurisdiction of the courts. Luftig v. McNamara, 126 U.S.App.D.C. 4, 373 F.2d 664, 665-66, cert. den. 387 U.S. 945, 87 S.Ct. 2078, 18 L.Ed.2d 1332 (1967); Mora v. McNamara, 128 U.S. App.D.C. 297, 387 F.2d 862, cert. den. 389 U.S. 934, 88 S.Ct. 282, 19 L.Ed.2d 287, reh. den. 389 U.S. 1025, 88 S.Ct. 584, 19 L.Ed.2d 675 (1967). The Court in *Luftig* also affirmed as "eminently correct" the District Court's finding that that action presented an unconsented suit against the United States. 373 F.2d at 665.

In light of the foregoing, this Court finds that it lacks jurisdiction over the subject matter of this action on the grounds that: (1) plaintiffs lack standing to sue herein; (2) this is an unconsented suit against the United States; and (3) the propriety of the United States military operations in question here presents a nonjusticiable political question.