**TRIPLE A REALTY, INC., et al.,**
**Plaintiffs-Appellees,**

v.

**FLORIDA REAL ESTATE COMMIS-SION, Defendants-Appellants.**

**No. 72–1905**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1972.

---

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Jerry E. Oxner, Asst. Atty. Gen., Robert L. Shevin, Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellants.

James A. Weck, Clyde W. Manspeaker, Pompano Beach, Fla., Weck & Stone, P. A., Pompano Beach, Fla., for plaintiffs-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellees were charged in an information before the Florida Real Estate Commission with fraud, an offense which if proved could result in the loss of their real estate license. Under Florida Statutes, Section 475.30(1), F.S.A.,[1] appellees were required to provide a sworn answer to the charges or be held in default. Appellees then brought this action in the United States District Court for the Southern District of Florida challenging the constitutionality of that state statute. They alleged that the requirement of a sworn answer violated their Fifth Amendment rights, citing Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L. Ed.2d 574 (1967) which dealt with disbarment. The district court agreed with appellees and entered a declaratory judgment that this statute would be unconstitutional if applied to these appellees. The district court also went further and entered a permanent injunction against use of this statute against appellees by the state.

Only a single issue is raised on appeal: Was the granting of this injunction beyond the jurisdiction of a single judge district court due to 28 U.S.C. §

---

1. *475.30 Answers, motions and defaults*
(1) The defendant named in an information shall file with the commission a verified answer thereto, and, if he be so advised, a motion to quash the information, on or before the date fixed in the notice required by § 475.26. The filing of an answer to the information shall waive any defect in, or objection to, the notice, or want of notice. The answer shall admit or deny each fact alleged, except mere matters of inducement, or formal allegations, in the information, or avoid the effect thereof by a recital of the facts as defendant conceives them to be, and each issuable fact not denied in one of the manners aforesaid, shall be deemed to be admitted. No admission or allegation of the defendant made in an answer, motion or on the trial, shall be evidence against him in any civil or criminal proceeding, except upon a trial of a charge of perjury against him. All allegations of an answer not admitted in the information shall be deemed denied by the plaintiff.

2281 which requires a three judge district court for enjoining the application of state statutes? In this appeal the state has not challenged the basic holding of the district court that the statute as applied would be unconstitutional but has only challenged jurisdiction to grant the injunction.

We find that the granting of the injunction was improper but that the district court did have jurisdiction to enter the declaratory judgment. Therefore, only that part of the district court's order giving injunctive relief must be reversed.

██ It is well settled that a three-judge panel is required to enjoin state officers from enforcing a state statute. There are several exceptions, however, and the three-judge statute has long been regarded as a highly technical rule which is to be construed strictly. One well-recognized exception is that actions for declaratory judgments, despite some similarity in result with actions for injunctions, are sufficiently different to fall outside the three-judge requirement. Mitchell v. Donovan, 398 U.S. 427, 90 S. Ct. 1763, 26 L.Ed.2d 378 (1970); Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

██ In this case, a close reading of the complaint and prayer for relief shows that the appellees were primarily seeking a declaratory judgment. It is true that the appellees sought temporary relief to prevent entry of a default against them until the district court could pass on the action for a declaratory judgment. This issue, however, became moot before it reached the stage at which a three-judge court would have been required. At the initial hearing for temporary relief, the counsel for the state advised the district court that the state would voluntarily refrain from any action against appellees pending the resolution of the constitutional claim. Thus, this case did not even reach the level of a temporary restraining order and the district court entered no order of any type, apparently relying on the word of counsel for the state.

From the lack of any evidence in the record to the contrary, it appears that neither party ever sought a three-judge panel in the court below. Waiver, of course, does not apply to jurisdictional matters and this is not fatal. We are confident that had either party sought a three-judge panel following the mooting of the request for temporary relief, it would have been properly denied since all that remained was an action for a declaratory judgment. As previously noted, such an action can be handled by a single district judge.

Thus, there can be no objection until the district court entered its order which included the permanent injunction, relief which was not even asked for in the prayer of the complaint. We therefore hold that the injunctive relief granted goes beyond the complaint and also beyond the jurisdiction of the single judge court. We see no reason, however, to reverse the declaratory judgment. As noted, up until the excesses of the district court in granting an injunction, this case was not properly a three-judge matter. Should the appellees or any others desire an injunction prohibiting the use by state authorities of the statute in question, the matter would then be proper for three-judge resolution.

Since the State of Florida did not challenge the correctness of the district court's resolution of the constitutional issue in this appeal, we shall not pass on it.

Reversed in part and affirmed in part.