**510**

HAMAR THEATRES, INC., Plaintiff,

v.

John CRYAN, Individually and as Sheriff of Essex County, State of New Jersey, et al., Defendants.

C & V THEATRE CORPORATION, and Edward N. Wilson, Jr., Plaintiff,

v.

James M. COLEMAN, Jr., Individually and as Monmouth County Prosecutor of Monmouth County, State of New Jersey, et al., Defendants.

Howard A. WEIN and Philip J. Guarino, Plaintiffs,

v.

TOWN OF IRVINGTON et al., Defendants.

Civ. A. Nos. 472–73, 496–73, 585–73.

United States District Court, D. New Jersey.

Oct. 11, 1974.

Order Nov. 13, 1974.

Judgment vacated Dec. 23, 1974. See 95 S.Ct. 670.

Supplemental Opinion Feb. 25, 1975.

Podvey & Sachs, Newark, N. J., for plaintiff, Hamar Theatres, Inc.

Michael S. Sodowick, Newark, N. J., for plaintiffs C & V Theatre Corp., and others.

Stern & Weiss, Maplewood, N. J., for plaintiffs, Howard A. Wein, and others.

George F. Kugler, Atty. Gen. of N. J., by David S. Baime, Deputy Atty. Gen., for the state of N. J.

Joseph P. Lordi, Essex County Prosecutor, by Ralph J. Jabbour, Asst. Prosecutor, for John Cryan and others.

James M. Coleman, Monmouth County Prosecutor, by Allen Mac Duffie, Jr., Asst. Prosecutor, for James M. Coleman, Jr., and others.

Daniel A. Rosenberg, Legal Asst. Prosecutor, Irvington, N. J., for Town of Irvington and others.

Before ADAMS and GARTH, Circuit Judges, and BARLOW, District Judge.

PER CURIAM.

On August 8, 1973, a Three-Judge Court (constituted pursuant to 28 U.S. C.A. § 2284) entered a final judgment declaring the Adult Anti-Obscenity Act (N.J.S. 2A:115–1.1) (Supp.1973) unconstitutional. The judgment enjoined the appellants, their agents and "all persons . . . subject to their supervision" from "instituting or prosecuting any criminal or civil action" under the New

Jersey Anti-Obscenity law.[1] Subsequent to the entry of judgment, the appellants appealed directly to the Supreme Court of the United States, 416 U.S. 954, 94 S.Ct. 1967, 40 L.Ed.2d 304 contending that the decision of the Court should be reversed and the injunction vacated. Probable jurisdiction was noted on April 22, 1974.

Thereafter, on August 6, 1974, the Supreme Court of New Jersey rendered its decision in State v. De Santis, 65 N.J. 462, 323 A.2d 489 (1974). The Supreme Court of New Jersey now interprets the New Jersey Anti-Obscenity statute in accordance with the most recent United States Supreme Court decisions and has read into the statute all of the requirements heretofore lacking in the legislative enactment, holding that:

(1) Before the De Santis decision, neither the statute nor New Jersey precedents gave the notice and fair warning required by Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed. 2d 419 (1973); and

(2) That the current obscenity statute of New Jersey does not in literal terms satisfy Miller, supra; and

(3) That the New Jersey Anti-Obscenity statute cannot withstand constitutional attack unless it is "judicially salvage[d] . . . by incorporating the Miller requirements."

Performing such "judicial surgery" the New Jersey Supreme Court now construes the New Jersey Anti-Obscenity statute to incorporate all of the constitutional requirements of Miller, supra. In so doing, the Court followed a procedure adopted by the Minnesota Supreme Court in State v. Welke, 298 Minn. 402, 216 N.W.2d 641 (1974). Hence, from August 6, 1974, the date of the De Santis decision, the constitutional defects found by this Court in New Jersey's Anti-Obscenity law no longer exist.[2]

The appellants have now moved for a modification of this Court's judgment and injunction, asserting that by reason of the De Santis interpretation of the New Jersey statute, it is no longer inconsistent with the standards set forth in Miller v. California, supra. The appellants' motion brought under Fed.R. Civ.P. 62 seeks a modification of our order of August 8, 1973 in light of this recent development.

We note that an earlier Three-Judge Court decision, Cine-Com Theatres Eastern States, Inc. v. Lordi, 351 F.Supp. 42 (D.N.J.1972), which had been appealed to the Court of Appeals,[3] was reserved by that Court pending adjudication by the Supreme Court of New Jersey of State v. De Santis, supra. After that decision had been rendered by the Supreme Court of New Jersey on August 6, 1974, as previously noted herein, the Court of Appeals in a per curiam decision[4] stated:

We are satisfied that the New Jersey statute, as thus restrictively interpreted, is not inconsistent with the presently authoritative constitutional position of the Supreme Court, and thus cannot now be characterized as facially unconstitutional. We also observe that in the De Santis case the New Jersey Supreme Court was at pains to preclude any conviction for

---

1. The injunction entered did not extend to prosecutions pending against the plaintiffs C & V Theatre Corporation and Howard A. Wein and Philip J. Guarino, nor did the injunction apply to any criminal proceeding pending as of June 1, 1973.

2. Whether or not this Court sitting as the highest Court of New Jersey would have reached the same conclusion in the same manner as the New Jersey Supreme Court did is irrelevant. We are bound by the construction of that Court in the interpretation of New Jersey statutes. United States ex rel. Catena v. Elias, 465 F.2d 765 (3d Cir. 1972).

3. In Cine-Com, declaratory relief had been granted. No appeal had been taken from the denial of injunctive relief. Hence, the appeal was to the Court of Appeals of this Circuit. Mitchell v. Donovan, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970).

4. Cine Com Theatres Eastern States, Inc. v. Lordi, No. 73–1146 (3d Cir. filed September 12, 1974).

conduct that preceded the new *De Santis* interpretation of the statute.

While it is understandable that the district court did not anticipate what the New Jersey Supreme Court has since said and done, the district court's decree cannot be permitted to stand as an impediment to all future prosecution under the New Jersey obscenity statute.

■ Although the appellees here argue that we should withhold our hand pending the United States Supreme Court determination of the appeal taken by appellant and that we should look askance at the constitutional interpretation of the New Jersey obscenity statute as judicially legislated by the New Jersey Supreme Court, we see little merit in their arguments. *De Santis* is prospective only and, hence, cannot affect those matters which were the specific subjects of the complaint with which this Court dealt. Further, we are bound now by the authoritative interpretation of the New Jersey statute made by the highest Court of New Jersey. We, as a district court, albeit a Three-Judge Court, *see* Jacobs v. Tawes, 250 F.2d 611 (4th Cir. 1957), are similarly bound by the precedent of *Cine-Com, supra,* a Court of Appeals decision in this Circuit.

Accordingly, the motion for modification of the Court's injunction will be granted. The appellant is directed to prepare an appropriate order consistent with this opinion. That proposed order should then be submitted to the appellees for approval as to form, and then to this Court for entry.

### ORDER

(On Motion Under Fed.R.Civ.P. 62(c) to Modify Injunction)

This matter having this day come before the court pursuant to a Motion of David S. Baime, Deputy Attorney General, to suspend the injunction heretofore granted in this action, pursuant to Fed.R.Civ.P. 62(c), and

It appearing to the court that a declaratory judgment was issued by this Court on the 9th day of August, 1973, adjudging N.J.S. 2A:115–1.1 unconstitutional, and

It further appearing that on the same date, this Court issued an injunction, restraining "defendants, their agents and all persons acting in active concert with them or subject to their supervision or control . . . from instituting or prosecuting any criminal or civil action, proceeding or prosecution against the within class of plaintiffs under the New Jersey anti-obscenity law, N.J.S. 2A:115–1.1 (Supp.1973), or from making any seizures pursuant to said statute; . . .", and

It further appearing that on the 6th day of August, 1974, the Supreme Court of New Jersey, in State v. De Santis, 65 N.J. 462, 323 A.2d 489 (1974), construed the New Jersey anti-obscenity statute, N.J.S. 2A:115–1.1, to incorporate, prospectively, all of the constitutional requirements of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and

It further appearing that this Court held, on the 11th day of October, 1974, that, from August 6, 1974, the constitutional defects previously found in N.J.S. 2A:115–1.1, no longer exist;

It is on this 13th day of November 1974, ordered that the injunction, issued on the 9th day of August, 1973, restraining enforcement of New Jersey's anti-obscenity law be, and the same hereby is, modified so as to permit the State to enforce N.J.S.A. 2A:115–1.1, as construed in State v. De Santis, such enforcement to be limited to violations occurring on or after August 6, 1974.

### ORDER

### SUPPLEMENTAL OPINION

On April 6, 1973 an original complaint was filed in this cause.

On July 2, 1973 an amended complaint was filed in this cause demanding judgment as follows:

"(A) That defendants, their agents, servants, employees and representatives be restrained and enjoined from

making any further arrests of plaintiffs and from seizing any goods and merchandise from plaintiffs.

(B) That defendants, their agents, servants, employees and representatives be enjoined from harrassing, threatening or intimidating plaintiffs in the operation of their business on the grounds that their goods and merchandise are obscene and on the grounds that their goods and merchandise are obscene under N.J.S. 2A:115–2.

(C) That defendants, their agents, servants, employees and representatives be restrained and enjoined from prosecuting the complaints, copies of which are attached against the plaintiffs for the alleged sale of obscene goods under N.J.S. 2A:115–2.

(D) That defendants be compelled to return to plaintiffs the goods and merchandise seized by them as aforesaid.

(E) That the New Jersey Statute 2A:115–2 be declared illegal, void, invalid and unconstitutional.

(F) That defendants be enjoined from taking any further action against plaintiffs under N.J.S. 2A:-115–2.

(G) For a declaration that the films, magazines, books and other goods and merchandise of plaintiffs are not obscene.

(H) For a declaratory judgment making declaration of the rights of the parties hereto.

(I) For a declaration that the said N.J.S. 2A:115–2 is invalid and unconstitutional and unenforceable against plaintiffs.

(J) For damages, both compensatory and punitive.

(K) For costs to be taxed.

(L) For any other relief at law or equity to which plaintiffs are entitled."

Thereafter, an opinion of this court was rendered under date of July 26, 1973, Hamar Theatres, Inc., v. Cryan, 365 F.

Supp. 1312 (D.N.J.). The opinion of this court, among other things, declared the New Jersey Anti-Obscenity Statute, N.J.S. 2A:115–1.1 to be unconstitutional.

An order of judgment was entered on August 8, 1973 and filed August 9, 1973 (which order is hereinafter referred to by the date of August 9, 1973). It was this order from which defendants sought review. The relevant provisions of the August 9, 1973 order are:

"[It is] ORDERED AND ADJUDGED that the New Jersey anti-obscenity statute, N.J.S. 2A:115–1.1 (Supp. 1973) is declared unconstitutional for the reasons expressed in this Court's Opinion dated July 26, 1973; and,

IT IS FURTHER ORDERED and ADJUDGED that defendants, their agents and all persons acting in active concert with them or subject to their supervision or control be and hereby are restrained from instituting or prosecuting any criminal or civil action, proceeding or prosecution against the within class of plaintiffs under the New Jersey anti-obscenity law, N.J.S. 2A:115–1.1 (Supp.1973) or from making any seizures pursuant to said statute;

PROVIDED, HOWEVER, that the injunction shall not extend to criminal prosecutions currently pending against the plaintiffs, C and V Theatres, Corp., and Wein and Guarino; and,

PROVIDED FURTHER, that the injunction shall not apply to any criminal proceeding against any other plaintiffs of the class of theatre owners and bookstores pending as of June 1, 1973, the date on which the class was certified; and,

IT IS FURTHER ORDERED that defendant, Lordi, return to the attorneys for plaintiff, Hamar Theatres, Inc., by Thursday, August 2, 1973, the print of the film "Fast Ball", it being understood that defendants may make a copy of the film for evidential purposes before returning it; and,

IT IS FURTHER ORDERED that to the extent that relief is sought by

Wein and Guarino against the Town of Irvington, the Municipal Court of Irvington and the Town of Irvington Police Department, that this Court has no jurisdiction to consider the matter and these defendants are dismissed from this action."

While appeal from this Court's order of August 9, 1973 was pending before the Supreme Court of the United States, on August 6, 1974 the New Jersey Supreme Court rendered its decision in State v. De Santis, 65 N.J. 462, 323 A.2d 489 (1974) construing the New Jersey anti-obscenity statute so that the constitutional defects found in this court's opinion and reflected in this court's order of August 9, 1973 no longer existed.

The defendants thereupon moved to suspend the injunction which had been imposed by this court's order of August 9, 1973. The defendants' motion was granted by this court on November 13, 1974 pursuant to an opinion filed October 11, 1974. Hamar Theatres, Inc. v. Cryan, Civil No. 472-73 (D.N.J., filed November 13, 1974).

The order of November 13, 1974 (referring to State v. De Santis, *supra*) provided:

"It is on this 13 day of November 1974 ORDERED that the injunction issued on the 9th day of August, 1973, restraining enforcement of New Jersey's anti-obscenity law be, and the same hereby is, modified so as to permit the State to enforce N.J.S.A. 2A:-115-1.1, as construed in State v. De Santis, such enforcement to be limited to violations occurring on or after August 6, 1974."

On December 23, 1974 the United States Supreme Court remanded the cause to this court for appropriate action consistent with State v. De Santis, *supra*. Cryan v. Hamar Theatres, Inc., 419 U.S. 1085, 95 S.Ct. 670, 42 L.Ed.2d 675 (1974).

The parties were invited to submit their views with respect to the action to be taken by this court.

There appearing to be no viable issues remaining after the issuance of this court's order of November 13, 1974 (predicated on its opinion of October 11, 1974), all such issues having been rendered moot by the events and orders hereinabove cited,

It is on this 25th day of February, 1975

Ordered, that pursuant to this court's order of November 13, 1974, the plaintiffs' action be and the same is hereby dismissed and judgment be and is hereby entered for defendants.

Each party will bear its own costs.