Michael A. BREW, suing by his next friend Anthony C. Brew

v.

F. David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 76–131.

United States District Court, E. D. Pennsylvania.

Jan. 20, 1977.

John J. Kelly, Jr., Kelly & Mooney, Philadelphia, Pa., for plaintiff.

Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

Before ADAMS, Circuit Judge, and FULLAM and VanARTSDALEN, District Judges.

OPINION

VanARTSDALEN, District Judge.

Defendant, the Secretary of Health, Education and Welfare (HEW), has moved to dissolve the three judge court convened pursuant to 28 U.S.C. § 2282 and § 2284. The motion will be granted.

Plaintiff applied for disability insurance benefits under provisions of the Social Security Act. HEW, by final action, denied the claim. Plaintiff appealed to the district court pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g). The appeal alleges that sections 202(d)(1)(C)(i), (iii) and (d)(8) of the Social Security Act, 42 U.S.C.

§§ 402(d)(1)(C)(i), (iii) and (d)(8), as interpreted by HEW, create an unconstitutional classification that arbitrarily precludes claimant from benefits. A motion was made by plaintiff to convene a three judge court. The relief sought was a declaratory judgment and an injunction prohibiting enforcement of the challenged provisions of the statute.

Section 205(g) of the Social Security Act provides for review by a district court of final administrative action concerning claims for benefits under the Social Security Act. On review a district court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Section 205(h) provides, *inter alia*, that "no finding of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Simply stated, HEW contends that the above quoted exclusive remedies provided in sections 205(g) and 205(h) of the Act preclude the district court from granting any equitable relief, and therefore a three judge court is without jurisdiction to restrain and enjoin the Secretary from enforcing any provision of the Act, even if such provision is unconstitutional. HEW argues that a single judge of a district court can grant complete relief to a claimant by reversing the final decision of the Secretary and awarding benefits, if the court determines that the challenged provisions of the Act, as interpreted by the Secretary, constitute an unconstitutional classification.

In determining the present motion, this court is faced with what the Supreme Court has stated are "difficult and perhaps close jurisdictional arguments"[1] that involve "complicated questions of legislative intent and a statutory provision, 42 U.S.C. § 405(h), which has baffled district courts and courts of appeals for years

. . . ."[2] Nevertheless by reason of the Act of August 12, 1976, Pub.L. 94–381, which repealed 28 U.S.C. § 2282 and substantially amended 28 U.S.C. § 2284 whereby three judge courts are no longer required whenever an Act of Congress is challenged on constitutional grounds, the present decision will be of little legal significance or precedential value.

Anthony Brew became entitled to disability benefits under the Social Security Act in March of 1969. Michael Brew, a minor, was adopted by Anthony Brew on June 11, 1973. Application on behalf of Michael Brew for benefits as a dependent child of Anthony Brew was denied by final administrative action, and the present appeal with a request for convening the three judge court was filed. The challenged sections of the Social Security Act, as interpreted by HEW, allow a so-called post-disability adopted child to qualify for benefits only if the child has been living with and receiving at least one-half of his or her support from the adoptive parent for a period of one year immediately preceding the date of such parent's disability benefits entitlement. Plaintiff's substantive constitutional argument contends that the statute creates a wholly arbitrary and invalid classification as between those post-disability adopted children who have been living with and supported by the adoptive parent prior to disability entitlement, and those who have not.

Plaintiff contends that the rationale of *Jimenez v. Weinberger,* 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974), controls the jurisdictional, procedural and substantive issues of this case. The Supreme Court noted probable jurisdiction, 414 U.S. 1061, 94 S.Ct. 567, 38 L.Ed.2d 467 (1973), from a three judge district court decision upholding the constitutionality of the Social Security Act's various classifications of illegitimate children. Without mention of the jurisdictional problem, the Supreme Court held that the challenged provisions created unconstitutional categories, and remanded the

1. *Norton v. Mathews,* 427 U.S. 524, 530, 96 S.Ct. 2771, 2774, 49 L.Ed.2d 672 (1976).

2. *Weinberger v. Salfi,* 422 U.S. 749, 787, 95 S.Ct. 2457, 2477, 45 L.Ed.2d 522 (1975) (Brennan, J., dissenting).

case to the lower court to determine if the claimant factually qualified for benefits under the Supreme Court's guidelines.

In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), also relied upon by the defendant, a widow and her child were denied social security survivors benefits for failure to qualify under the nine month "duration-of-relationship" requirement of the Social Security Act. A three judge court held that the Act was unconstitutional both as to the named plaintiffs and to a class composed of all persons similarly disqualified. Jurisdiction was claimed under 28 U.S.C. § 1331.[3] The Supreme Court held that class action relief, at least as to claimants who had not exhausted administrative remedies, was precluded; that there was no "federal question" jurisdiction under 28 U.S.C. § 1331; and on the merits that the classification was constitutional.

The significance of *Salfi* to the present jurisdictional issue is stated at 422 U.S. 763, n.8, 95 S.Ct. 2466:

Since § 405(h) is the basis for district court jurisdiction, there is some question as to whether it had authority to enjoin the operation of the duration-of-relationship requirements. Section 405(h) accords authority to affirm, modify or reverse a decision of the Secretary. It contains no suggestion that a reviewing court is empowered to enter an injunctive decree whose operation reaches beyond the particular applicants before the court. In view of our dispositions of the class action and constitutional issues in this case, the only significance of this problem goes to our own jurisdiction. If a § 405(g) court is not empowered to enjoin the operation of a federal statute, then a three-judge District Court was not required to hear this case, 28 U.S.C. § 2282, and we are without jurisdiction under 28 U.S.C. § 1253. However, whether or not the three-judge court was properly convened, that court did hold a federal statute unconstitutional in a civil action to

which a federal agency and officers are parties. We thus have direct appellate jurisdiction under 28 U.S.C. § 1252. *McLucas v. DeChamplain*, 421 U.S. 21 at 31–32, 95 S.Ct. 1365 at 1372, 43 L.Ed.2d 699 (1975).

Thus, despite defendant's argument to the contrary, *Salfi* does not determine the issue as to whether a three judge court was properly convened in this case.

*Norton v. Mathews*, 427 U.S. 524, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976), seemingly could not skirt the issue, because there a three judge district court had upheld the validity of Social Security Act classifications of illegitimate children. Thus, direct appeal under 28 U.S.C. § 1252 was not available as it was in *Salfi*. Appellate jurisdiction, therefore, could derive only from a duly convened three judge court under 28 U.S.C. § 1253, which of necessity required subject matter jurisdiction in the three judge district court. Again, however, the issue though recognized was avoided. 427 U.S. 524, 530 & n.7, 96 S.Ct. 2771, 2774. The Court held that *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976), settled the issue on the merits in favor of the constitutionality of the challenged provision. Therefore, irrespective of whether the three judge court had proper jurisdiction, the Court ruled that there would be "no point" in a remand for procedural improprieties.

The opinion concludes as follows:

Making the assumption, then, without deciding, that our jurisdiction in this case is established, we affirm the judgment in favor of the Secretary on the basis of our decision in *Mathews v. Lucas, ante.*

Significantly, Justices Stevens, Brennan and Marshall dissented in *Norton* on the merits and in so doing concluded that the three judge court had been properly convened, and could resolve the constitutional issues.

In *Kohr v. Weinberger*, 378 F.Supp. 1299 (E.D.Pa.1974), a three judge district court

---

**3.** The present action makes no class action allegations, nor does it assert § 1331 federal question jurisdiction. Jurisdiction is asserted solely under section 205(g) of the Act.

was convened to pass upon the constitutionality of classifications based on sex contained in the Social Security Act. The court, noting that plaintiff conceded he had not exhausted all administrative remedies then available, nonetheless held it had jurisdiction and that the statutory provisions were valid. On appeal, the Supreme Court vacated and remanded, 422 U.S. 1050, 95 S.Ct. 2671, 45 L.Ed.2d 704 (1974), with directions to reconsider jurisdiction in light of the intervening *Salfi* decision. Thereafter, without opinion, the three judge court dissolved itself. Had the decision been due to failure to exhaust administrative remedies, presumably the action would have been dismissed, rather than the court dissolved.

There appears to be no relevant legislative history in regard to Congress's intent as to whether sections 205(g) and (h) permit or preclude injunctive and/or declaratory relief of the type sought in this case. As outlined above, case law is scant and inconclusive. The statute refers to a judgment by the district court "affirming, modifying or reversing" the Secretary's decision. There is no mention of enjoining, restraining or granting of equitable relief. Many statutes passed by Congress provide expressly for such types of relief where intended. *See, e. g.,* 50 U.S.C.App. § 925(a) (Emergency Price Control Act of 1942, § 205(a), granting power to enter "a permanent or temporary injunction, restraining order, or other order"); 29 U.S.C. § 217 (Fair Labor Standards Act, § 17, granting courts power "to restrain violations"); 15 U.S.C. §§ 21(c), 45(c) (Clayton Act and Federal Trade Commission Act, granting power to "enter a decree affirming, modifying, or setting aside the order of the commission or board, and enforcing the same to the extent that such order is affirmed, and to issue such writs as are ancillary to its jurisdiction or are necessary in its judgment to prevent injury to the public").

In *Porter v. Warner Holding Co.,* 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946), the Supreme Court was faced with the issue of whether the district courts, having been granted express *injunctive* powers under the Emergency Price Control Act of 1942, could order relief in the form of restitution. The Court stated:

Moreover, the comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. "The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction."

*Id.* at 398, 66 S.Ct. at 1089 *quoting Brown v. Swann,* 35 U.S. (10 Pet.), 497, 503, 9 L.Ed. 508 (1836). Fourteen years later, in *Mitchell v. Robert De Mario Jewelry, Inc.,* 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960), the Court was asked to determine whether an express power to grant injunctive relief under the Fair Labor Standards Act also implied the power to order reimbursement of lost wages. The Court held that the district court had erred in taking the approach that the equitable relief in question must be expressly conferred by an act of Congress or necessarily implied from a congressional enactment. Instead, the Court stated, "the proper criterion is that laid down in *Porter v. Wagner Co.* [sic]" Together, the *Porter* and *Mitchell* cases suggest that full equity powers are presumed to lie in a federal district court, and the contrary must be shown, either expressly or by "necessary and inescapable inference." However, *Porter* and *Mitchell* are distinguishable. Equitable powers of some degree had been expressly granted to the district courts under the statutes there being considered, and an attempt was being made to expand those express equitable powers. In the case before us, § 205(g) grants no express equity power.

In any event, under the *Porter* and *Mitchell* criterion there would seem to be a "necessary and inescapable inference" that § 205(g) denies district courts the right to issue injunctive relief. A close perusal of §§ 205(g) and (h) of the Act reveals that

Congress intended a very confined scheme of judicial review of the Secretary's decisions. Section 205(h), as recently construed in the *Salfi* decision, appears to be the exclusive jurisdictional basis for such review, expressly precluding review under any of the general federal question provisions. In addition, the *Salfi* decision restricts the availability of class actions under 205(g) which challenge a decision of the Secretary, by requiring that all class members obtain a "final decision . . . made after a hearing." 422 U.S. at 763–64, 95 S.Ct. at 2466. Sections 205(g) and (h), read together, suggest that Congress envisioned case-by-case review and resolution rather than granting sweeping injunctive powers to invalidate portions of the Act.

The question arises as to how an effective constitutional challenge can be made to the provisions of the Social Security Act, if judicial review is limited to affirming, modifying, or reversing the Secretary's decisions. The Supreme Court resolved the problem in *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). In that case, the plaintiff challenged the constitutionality of a provision of the Social Security Act, pursuant to which the Secretary had terminated benefits. Although the action drew into question the constitutionality of the Act, no injunctive relief was sought. The Court, in addressing the jurisdictional issue of whether a three judge district court should have been convened, stated:

> Under the decisions of this Court, this § 205(g) action could, and did, draw into question the constitutionality of § 202(n). *See, e. g., Anniston Mfg. Co. v. Davis,* 301 U.S. 337, 345–346, 57 S.Ct. 816, 820, 81 L.Ed. 1143. However, the action did no more. It did not seek affirmatively to interdict the operation of a statutory scheme. A judgment for appellee would not put the operation of a federal statute under the restraint of an equity decree;

indeed apart from its effect under the doctrine of *stare decisis,* it would have no other result than to require the payment of appellee's benefits.

363 U.S. at 607, 80 S.Ct. at 1370. Hence, the Supreme Court held that where a claimant is denied benefits by the Secretary pursuant to a provision of the Act which is constitutionally invalid, a proper mode of relief is reversal of the Secretary's decision and an order to pay benefits to the claimant.

■ In considering the motion to dissolve this three judge district court, it is appropriate to consider the generally restrictive attitude expressed by the Supreme Court and the lower federal courts toward the convening of three judge district courts. In applying the three judge court statute, the Supreme Court has consistently stressed that "the three-judge-court legislation is not 'a measure of broad social policy to be construed with great liberality;' but is rather 'an enactment in the strict sense of the term and to be applied as such.'" *Mitchell v. Donovan,* 398 U.S. 427, 431, 90 S.Ct. 1763, 1765, 26 L.Ed.2d 378 (1970), *quoting Phillips v. United States,* 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1941). *See Gonzalez v. Automatic Employees Credit Union,* 419 U.S. 90, 97–98, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974). The rationale supporting this policy is clear in that the system of three judge district courts places an additional burden on the federal judiciary and where possible, the convocation of such a court is to be avoided.[4]

The Secretary's motion to dissolve the three judge district court will be granted and an appropriate order will be entered.

■ We wish to make clear the limited scope of the action being taken. The disposition here does not indicate that Mr. Brew is foreclosed from challenging the constitutionality of sections 202(d)(1)(i), (iii) and (d)(8). Rather, we hold merely that Con-

---

4. However, the importance of such "policy" considerations is obviously of less significance in view of the repeal of 28 U.S.C. § 2282 and the amendment to 28 U.S.C. § 2284, adopted by Congress in apparent favorable response to the

Court's pronouncements of the needless judicial burdens imposed by three judge courts with direct appeal to the United States Supreme Court.

gress, in section 205(g), established a statutory regime whereby constitutional challenges in social security benefit matters would be resolved on a case-by-case basis, instead of through the broader medium of injunctive actions. Since a three judge district court is provided for under the statute only in cases where injunctive relief is sought, this special three judge court must be dissolved. However, social security claimants, like Mr. Brew, remain free to press their constitutional claims before a single district judge.