# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1730

BRIAN BRUGGEMAN, *et al.*,

*Plaintiffs-Appellants,*

v.

GEORGE H. RYAN, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 5392—**John F. Grady**, *Judge.*

SUBMITTED DECEMBER 31, 2002—DECIDED JANUARY 3, 2003
OPINION JANUARY 27, 2003

Before POSNER, DIANE P. WOOD, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* The United States filed an amicus curiae brief in this appeal on June 24, 2002, and later a brief as an intervenor, pursuant to 28 U.S.C. § 2403(a), which provides that the court "shall permit" the United States to intervene in a case when the constitutionality of any Act of Congress affecting the public interest is challenged. The requirement that the act affect the public interest is intended to exclude the occasional federal statute that has a purely local or otherwise extremely circumscribed application, see, e.g., *Cox v. Schweiker*, 684 F.2d 310, 319 (5th

Cir. 1982), and that is not the character of the statute at is-sue here, as will appear. The appellees have moved to strike the second brief on the ground that by filing it the government was trying to circumvent Fed. R. App. P. 29's prohibition against the filing of reply briefs by amici curiae, and that in any event the constitutionality of an Act of Congress is not being challenged and so the government has no right to intervene. We allowed the government to submit both an amicus curiae brief and an intervenor's brief in *Doe v. University of Illinois*, 200 F.3d 499 (7th Cir. 1999), but we did not discuss the propriety of the dual filing.

The government's amicus brief in this case, which was filed in support of the appellants, was limited to the ques-tion whether, consistent with the principle of *Ex parte Young*, 209 U.S. 123 (1908), suits seeking prospective in-junctive relief against state officials in their official capac-ity may be brought under Title II of the Americans with Disabilities Act. Because an amicus brief must be filed within seven days after the principal brief of the party in support of whom the amicus brief is filed, Fed. R. App. P. 29, the government had no right to intervene at the time it filed its amicus brief unless the constitutionality of a federal statute affecting the public interest was at issue in the appeal. In their response to the appellants' brief, which obviously was filed after the government filed its amicus brief, the appellees argued that the dis-trict court had erred in denying their Eleventh Amend-ment defense to the plaintiffs' claim under section 504 of the Rehabilitation Act. In doing this, the appellees were necessarily challenging the constitutionality of 42 U.S.C. § 2000d-7(a)(1), a provision of the Civil Rights Act of 1964 that states in words that could not be clearer that "a State shall not be immune under the Eleventh Amend-ment of the Constitution of the United States from suit

in Federal court for a violation of section 504 of the Rehabilitation Act."

If the government could not reasonably have been expected to anticipate the constitutional challenge in the appellees' brief, then as a practical matter there was no alternative to the government's filing the two briefs at different times and so the dual filing was proper. See *Fordyce v. City of Seattle*, 55 F.3d 436, 441-42 (9th Cir. 1995); *Mitchell v. Donovan*, 290 F. Supp. 642, 645 (D. Minn. 1968), vacated on other grounds, 398 U.S. 427 (1970) (per curiam). Analysis is complicated, however, by the fact that the government should have anticipated that the appellees would raise the Eleventh Amendment as an alternative ground for upholding the district court's decision, thus inescapably presenting the issue of the constitutionality of the provision of the civil rights act that we just quoted. For the appellees had moved to dismiss the case on Eleventh Amendment grounds in the district court, though apparently no one had mentioned section 2000d-7(a)(1) and the district court had not, as 28 U.S.C. § 2403(a) requires when a federal statute's constitutionality is drawn into question, notified the Justice Department. In these circumstances, we do not think that the Department's failure to intervene before the filing of the appellees' brief should operate as a forfeiture. The motion to strike is therefore

DENIED.

A true Copy:

    Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*